1  AMAMGBO & ASSOCIATES
   DONALD AMAMGBO, ESQ.
2  7901 Oakport Street, Suite 4900
3  Oakland, California 94621
   Telephone: (510) 615-6000
4  Facsimile: (510) 615-6025

5  REGINALD TERRELL, ESQ.
   THE TERRELL LAW GROUP
6  223 25th Street
7  Richmond, California 94804
   Telephone: (510) 237-9700
8  Facsimile: (510) 237-4616

9  LAW OFFICES OF NWAJEI & COMPANY
   Lawrence D. Nwajei
10 4221 Wilshire Blvd., Suite 392
   Los Angeles, CA 90010
11 Telephone: 323-549-0201
   Facsimile: 323-549-0211
12

13 Attorneys for Plaintiff

14

ORIGINAL FILED
JUL 2 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

15                UNITED STATES DISTRICT COURT

16           FOR THE NORTHERN DISTRICT OF CALIFORNIA

17 NKEM ANADU, individually and on behalf of      Case No.: C07-03801 RS
18 all others similarly situated,

19                  Plaintiff,                    **CLASS ACTION COMPLAINT FOR
                                                  DAMAGES AND INJUNCTIVE RELIEF**
20       v.
                                                  [JURY TRIAL DEMANDED]
21 NISSAN NORTH AMERICA, INC.,
22 a California corporation, and
   NISSAN MOTOR CO., LTD.,
23 a Japanese corporation; NISSAN-INFINITI LT,
   a Delaware business trust; NISSAN
24 ACCEPTANCE CORPORATION,
   dba INFINITI FINANCIAL SERVICES
25
26 a California corporation,

27                  Defendants.

28

CLASS ACTION COMPLAINT
1

Come Plaintiff NKEM ANADU, individually and on behalf of all others similarly situated Plaintiff, by counsel, and file her Class Action Complaint, and in support thereof, would respectfully show unto the court as follows:

## I.   Parties

1. Plaintiff Nkem Anadu resides in the Northern District of California.

2. Defendants Nissan North America, Inc. and Nissan Acceptance Corporation are California corporations with their principal place of business in Gardena, California, and may be served through their registered agent, Lexis Nexis Document Solutions, Inc., 421 West Main Street, Frankfort, California 40601.

3. Defendant Nissan Motor Company, Ltd. is a Japanese corporation with its principal place of business in Tokyo, Japan. Plaintiff is requesting a waiver of formal service from Defendant pursuant to Fed. R. Civ. P. 4(d).

4. Defendant Nissan-Infiniti LT is a Delaware business trust.

## II.   Jurisdiction and Venue

5. This court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that Plaintiff' claims arise under the laws of the United States. Jurisdiction is further proper under 28 U.S.C. 1332 in that all parties herein are residents of different states and/or foreign states and the amount in controversy exceeds $75,000.

6. Venue is proper in the Northern District of California in that Plaintiff is residents of the Northern District of California and the conduct Plaintiff complains occurred wholly or in part in the Northern District of California,

7. Because venue is proper in the Northern District of California, Plaintiff may maintain her suit in any division of the Northern District of California.

## III.   Factual Background

8. Defendant Nissan Motor Co., Ltd. and/or Defendant Nissan North America, Inc. design, manufacture, market, sell, lease and distribute motor vehicles to consumer and business customers in the United States and in the Northern District of California, under the brand names "Nissan" and "Infiniti" (hereinafter collectively called "Nissan").

CLASS ACTION COMPLAINT

2

9. Defendant Nissan Acceptance Corporation, which also does business as Infiniti Financial Services, and Defendant Nissan-Infiniti LT, lease and finance motor vehicles sold and leased by Defendant Nissan Motor Co., Ltd. and/or Defendant Nissan North America, Inc. in the United States and in the Northern District of California.

10. It is Plaintiff's belief that Defendant Nissan Acceptance Corporation, which also does business as Infiniti Financial Services, and Defendant Nissan-Infiniti LT are instruments of, divisions of, affiliates of, or subsidiaries of Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc.

11. Plaintiff Nkem Anadu purchased a Nissan Altima.

12. As part of the bases of the bargains, Plaintiff acquired from Nissan basic warranties against all manufacturing defects for a period of three (3) years or thirty-six thousand (36,000) miles (the "Basic Warranty").

13. Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc. covenanted with Plaintiff that all genuine Nissan parts purchased from and installed by a Nissan or Infiniti dealer would be free of defects for not less than one (1) year or twelve thousand (12,000) miles (the "Parts Warranty").

14. In connection with the sale of the vehicles and their warranties, Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc. impliedly represented to Plaintiff that the vehicles' odometer would accurately record the number of miles actually traveled by the vehicle.

15. In truth, and without the knowledge of Plaintiff, Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc. had purposefully designed the vehicle's odometers to inflate the mileage driven by the vehicles by a factor of not less than two percent (2%) under normal conditions.

16. Defendant Nissan Motor Co., Ltd. and/or Defendant Nissan North America, Inc. achieved this over-registration by installing a computer software device in the vehicles, which altered the odometers' performance by an amount, which exceeds the odometer manufacturer's design tolerance. Plaintiff further allege that Nissan adopted a uniform, biased odometer

performances standard, which purposefully accelerated the odometers of all Nissan vehicles in the United States.

17. Plaintiff would show the court that the conduct of Nissan was not the result of neglect or indifference; rather it was part of a concerted effort to defraud the American consumer. Plaintiff specifically allege that Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc. altered the odometers of their vehicles (as well as those of the proposed class) with the intent to defraud.

18. Already, this scheme by Defendants have deprived Plaintiff of the benefit of their bargains by shortening their warranties and diminishing the resale value of their vehicles. Unabated, Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc. will deprive Plaintiff of more than seven hundred (700) miles of their Basic Warranty protection, and, ultimately, will shorten their Component Warranties by as much as one thousand six hundred (1,600) miles.

19. Likewise, Nissan will reduce the effective period of each class member's warranties over the lifetime of their vehicles. Moreover, the inflated mileage registered by the odometers of Plaintiff daily decreases the market value of their vehicles.

20. Defendant Nissan Acceptance Corporation, which also does business as Infiniti Financial Services, and Defendant Nissan-Infiniti Lt stood to gain, and did gain, by virtue of the acts of its affiliated, parent or subsidiary companies, Defendants Nissan North America, Inc. and Nissan Acceptance Corporation, in that they have collected and will collect excess mileage charges over and above the depreciation attributable to those excess mileage charges for which they rightfully bear no responsibility.

### IV. Class Action Allegations

21. Plaintiff bring this action on behalf of themselves and all others similarly situated. Specifically, the class Plaintiff seek to represent includes:

> all persons and entities who/which purchased or leased a new Nissan or Infiniti automobile anywhere in the United States since November 15, 2004.

Unbated, Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc. will deprive Plaintiffs of more than seven hundred (700) miles of their Basic Warranty protection, and, ultimately, will shorten their Component Warranties by as much as one thousand six hundred (1,600) miles.

23. Likewise, Nissan will reduce the effective period of each class member's warranties over the lifetime of their vehicles. Moreover, the inflated mileage registered by the odometers of Plaintiffs daily decreases the market value of their vehicles.

24. Defendant Nissan Acceptance Corporation, which also does business as Infiniti Financial Services, and Defendant Nissan-Infiniti Lt stood to gain, and did gain, by virtue of the acts of its affiliated, parent or subsidiary companies, Defendants Nissan North America, Inc. and Nissan Acceptance Corporation, in that they have collected and will collect excess mileage charges over and above the depreciation attributable to those excess mileage charges for which they rightfully bear no responsibility.

### IV.  Class Action Allegations

25. Plaintiffs bring this action on behalf of themselves and all others similarly situated. Specifically, the class Plaintiffs seek to represent includes:

> all persons and entities who/which purchased or leased a new Nissan or Infiniti automobile anywhere in the United States since November 15, 2004.

The proposed class specifically excludes the United States of America, the Commonwealth of California, counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

26. Plaintiffs would show the Court that individual joinder of the members of the proposed class is patently impractical. Fed. R. Civ. P. 23(a)(1). While the exact number of class members is presently known only to Defendants, Plaintiffs allege that the class includes hundreds of thousands of individuals and entities. The identity and location of these individuals is known only to Defendants at this time. For all these reasons, individual joinder is patently impractical.

27. Plaintiffs would further show the Court that there is a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. Fed. R. Civ. P. 23(a)(2). These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to, the following:

    a. Whether Defendants Nissan Motor Co., Ltd. and/or Nissan North America, Inc. adopted a uniform odometer performance standard for all its vehicles;

    b. Whether Defendants Nissan Motor Co., Ltd. and/or Nissan North America, Inc. installed a computer device to alter the performance of the odometer in violation of federal law;

    c. Whether the odometer performances standard adopted by Defendants Nissan Motor Co., Ltd. and/or Nissan North America, Inc. causes errors of odometer over-registration;

    d. Whether the installation of the computer device causes errors of odometer over-registration;

    e. Whether such odometer over-registration was the result of Defendants Nissan Motor Co., Ltd. and/or Nissan North America, Inc.'s intent to defraud;

    f. The measure of actual damages;

    g. The availability of statutory penalties; and

    h. Attorney's fees and costs.

28. Plaintiffs would further show the Court that their claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Plaintiffs possess the same interests and have suffered the same injuries as the unnamed class members. They assert identical claims and seek identical relief on behalf of the unnamed class members. In particular, Plaintiffs purchased or leased Nissans containing an odometer which over-registers mileage, they allege that Nissan violated 49 U.S.C. §

CLASS ACTION COMPLAINT
6

32703 with the intent to defraud them, and they seek damages in an amount sufficient to restore to them the benefit of their bargains, statutory penalties, attorneys' fees, and costs.

29. Plaintiffs will vigorously pursue the interests of the class. Moreover, there is no antagonism or conflict of interest between the interests of Plaintiffs. Plaintiffs have retained competent counsel to pursue the interests of the class.

30. Plaintiffs would further show the Court that this case is maintainable as a class action under Rule 23(b)(3), Fed. R. Civ. P. In particular, Plaintiffs would show the Court that issues of fact and law common to the class predominate over those affecting only individual members and that a class action is a superior means of resolving this dispute. Fed. R. Civ. P. 23(b)(3). The common issues of law and fact include, but are not limited to, the following:

    a. The existence of uniform, biased odometer performance standard for all Nissan vehicles;

    b. Whether the uniform, biased odometer performances standard causes of errors of odometer over-registration;

    c. Whether Defendants Nissan North America, Inc. and Nissan Motor Co., Ltd. installed a computer device to alter the vehicle odometers in violation of the Federal Odometer Act;

    d. Whether Defendants Nissan North America, Inc. and Nissan Motor Co., Ltd's adoption of a uniform, biased odometer performance standard was part of a larger scheme to defraud;

    e. Whether Defendants Nissan North America, Inc. and Nissan Motor Co., Ltd's installation of its computer device to alter the odometer performance was part of a scheme to defraud American consumers;

    f. Whether Defendants Nissan-Infiniti LT and/o Nissan Acceptance Corporation have been unjustly enriched or have conspired with the other Defendants to defraud American consumers;

    g. The measure of actual damages;

    h. The availability of statutory penalties; and

i. Attorneys' fees and costs.

31. Further, the prosecution of individual actions by hundreds of thousands of Nissan owners and lessees would unduly burden the courts and the litigants. Given the relatively small cost necessary to repair or replace the defective odometer, it is unreasonable to require or expect class members to litigate their claims individually. Prosecution of this case as a class action, by contrast, conserves the resources of the parties and the courts that allow for a fair and efficient resolution of this dispute.

## V. Causes of Action

### FIRST CAUSE OF ACTION

32. The conduct of Defendants Nissan North America, Inc. and Nissan Motor Co., Ltd. described above violates the federal prohibition of odometer tampering as set forth in 49 U.S.C. §§ 32703(1)-(2), 32710 (West 2006) (the "Act"). In particular, Plaintiffs would show the Court that Nissan has violated the Act in the following manner(s):

    a. Advertising for sale, selling, using, installing or having installed a software device which causes the odometer of all Nissan vehicles to register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer; and/or

    b. Altering or having altered the odometer of all Nissan vehicles intending to change the mileage registered by the odometer.

33. The conduct of Defendants Nissan North America, Inc. and Nissan Motor Co., Ltd., in designing, manufacturing and marketing the vehicles with altered odometers was committed with the intent to defraud American consumers and deprive them of the benefit of their bargain.

34. The conduct of Defendants Nissan-Infiniti LT and Nissan Acceptance Corporation, in financing and leasing Nissan motor vehicles with the altered odometers was committed with the intent to defraud American consumers and deprive them of the benefit of their bargain.

## SECOND CAUSE OF ACTION

(Violation of Bus. & Prof. Code § 17200)
(Against all Defendants)

35. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

36. The acts and practices of defendant as alleged herein constitute unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code § 17200, *et seq.*

37. Defendants have engaged in "unlawful" business acts and practices by violating Bus. & Prof. Code § 17500, *et seq.*

38. Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices. Such conduct is ongoing and continues to this date.

39. Defendants have also engaged in a "fraudulent" business act or practice in the representations and omissions described herein are false and/or likely to deceive potential and current customers.

40. Defendants have also engaged in "unfair" business acts or practices in the harm caused by defendants' conduct outweighs any utility of such conduct and such conduct, offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to consumers.

41. The aforementioned unlawful, fraudulent, and unfair business acts or practices conducted by defendants continue to this day. Defendants have failed to publicly acknowledge the wrongful nature of their actions and have not corrected the advertisements.

42. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiff brings this action pursuant to Sections 17203 and 17204 for injunctive relief to enjoin the practices described herein.

VII

43. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

44. California's False Advertising law (Bus. & Prof. Code §§ 17500, *et seq.*) makes it unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statements, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

45. Defendant disseminated to member of the public in this state, statements relating to the free month advertising campaign.

46. The statements were untrue and misleading.

47. Defendants knew or should have known, through the exercise of reasonable care the statements were untrue and misleading.

48. Defendants' actions in violation of Section 17500 were false and misleading such that the general public it was likely to be deceived.

49. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiff brings this action pursuant to Sections 17535 for injunctive relief to enjoin the practices described herein.

## XIII.
## FOURTH CAUSE OF ACTION
UNJUST ENRICHMENT/RESTITION
(Against all Defendants)

50. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

51. Defendants were unjustly enriched at Plaintiff's and the putative class' expense Defendant should restore the ill-gotten gains to Plaintiff and the class.

### VI.   Damages

CLASS ACTION COMPLAINT
10

52. For Plaintiffs, and on behalf of the entire class, said Plaintiffs seek actual damages sufficient to restore to these consumers the benefit of their bargain.

53. Further, because the conduct of Defendants described above was committed with the intent to defraud American consumers, Plaintiffs would show the Court that they (and the class) are entitled to recover treble their actual damages together with reasonable attorneys' fees and all costs of court. 49 U.S.C. § 32710.

54. In the event that such actual damages are less than $500 (U.S.) per vehicle, Plaintiffs seek for themselves and the class a statutory penalty of $1,500 (U.S.) pursuant to 49 U.S.C. § 32710 for each such vehicle delivered in this country in the last two (2) years.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and as representatives of the Plaintiff class, respectfully pray that upon final trial of this cause, they each obtain judgment as follows:

1. Certifying this case as a class action and appointing Plaintiff and their counsel to represent the interests of the class;

2. Adjudging that Defendants Nissan Motor Co., Ltd. and/or Nissan North America, Inc. violated the federal prohibition of odometer tampering and that they did so with the intent to defraud American consumers;

3. Adjudging that Defendants Nissan-Infiniti LT. and/or Nissan Acceptance Corporation have been unjustly enriched and have conspired with the other Defendants to defraud American consumers to product profits that should be ordered disgorged.

4. Awarding Plaintiffs (and the class) their actual damages in an amount sufficient to restore to them the benefit of their bargain;

5. Awarding Plaintiffs treble their actual damages or not less than $1,500 (U.S.) for each class vehicle delivered in this country in the last two years;

6. Awarding Plaintiffs (and the class) their reasonable attorneys' fees incurred at trial and, if necessary, on appeal.

7. Taxing all costs of Court and the expenses of maintaining this suit (including class member notification expenses) against Defendants, jointly and severally;

8. Awarding Plaintiffs (and the class) all prejudgment and postjudgment interest as may be allowed under law at the highest respective lawful rates;

9. Trial by jury on all issues so triable; and

10. All other relief to which Plaintiffs (and the class) may be justly entitled.

Dated: July 25, 2007

DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
7901 Oakport Street, Suite 4900
Oakland, California 94621
Telephone: (510) 615-6000
Facsimile: (510) 615-6025

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
223 25th Street
Richmond, California 94804
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

CLASS ACTION COMPLAINT
12