

Filed
DEC 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE:<br><br>NISSAN NORTH AMERICA,<br>INC. ODOMETER LITIGATION | MDL DOCKET NO. ___<br>07-3801 RMW |
|---|---|

## MOTION OF NISSAN NORTH AMERICA, INC. FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS

Nissan North America, Inc. ("NNA"), hereby respectfully moves the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. §1407, to (1) transfer five putative nationwide class actions, currently pending before five different federal district courts, which share common factual allegations, and (2) consolidate those actions before a single court for pretrial proceedings. In support of its motion, NNA avers as follows:

1. Five separate class actions against NNA are currently pending in United States District Courts located in Texas, California, Michigan, and Pennsylvania. A list of all pending related actions ("Schedule of Actions") is attached as Exhibit "A."

2. The five actions for which transfer and consolidation are proposed allege that NNA violated provisions of the Federal Odometer Act (49 U.S.C. §§ 32701-32711).

Four of the five actions also allege that Nissan Motor Co., Ltd. ("NML") violated provisions of the Federal Odometer Act.

3. Each action is a putative nationwide class action brought on behalf of purchasers and lessees of Nissan and/or Infiniti vehicles.

4. The actions listed in Exhibit "A" involve "one or more common questions of fact" within the meaning of section 1407, inasmuch as they make common factual allegations, including:

- a. That the odometers in Nissan and/or Infiniti vehicles inflate the mileage driven by a factor of no less than 2.0% under normal conditions;
- b. That the odometers over-register because NNA and/or NML purposefully designed the odometers to inflate mileage pursuant to a biased odometer performance standard;
- c. That NNA and/or NML acted with fraudulent intent; and
- d. That NNA and/or NML deprived plaintiffs of the benefit of their bargain by shortening their warranty coverages and diminishing the resale value of their vehicles.

5. NNA disputes and denies each of the above allegations, and anticipates discovery on each of them.

6. The *Womack* action was filed in November 2006, and is the first filed action. The Court has ruled on a NNA's Motion to Dismiss, and conducted a scheduling conference in November 2007. The parties have commenced preliminary written discovery. NML filed a Motion to Dismiss for Lack of Jurisdiction and for Insufficient

Service of Process in the *Womack* action. The Court issued an Order denying NML's motion without prejudice, and allowed plaintiff to proceed with limited jurisdictional discovery as it pertains to NML.

7. The *Anadu* action was filed in July 2007. Plaintiffs have named NNA, NML, Nissan-Infiniti LT, and Nissan Acceptance Corporation d/b/a Infiniti Financial Services as defendants, however, no named defendants have been served with the Summons and Complaint. Based on the Court's docket sheet, that action may be dismissed for lack of prosecution.

8. The *Shaffer* action was filed on November 14, 2007. NNA was served with the Summons and Complaint on November 30, 2007.

9. The *Hidalgo* action was filed on November 27, 2007. NNA was served with the Summons and Complaint on December 3, 2007. NML has not been served with the Summons and Complaint.

10. The *Selth* action was filed on November 30, 2007. NNA was served with the Summons and Complaint on December 5, 2007. NML has not been served with the Summons and Complaint.

11. In April 2007, NNA filed a Motion to Transfer and Consolidate Four Actions (MDL #1855 - *In re Nissan North America, Inc. Odometer Litigation*) with this Panel arising from the same set of operative facts as the actions listed in Exhibit "A."

12. In July 2007, just prior to the oral argument on MDL #1855, plaintiffs in three of the four constituent actions voluntarily dismissed their cases. Accordingly, as the

litigation was no longer multidistrict in nature, this Panel issued an Order on July 25, 2007 deeming NNA's motion moot and vacating the hearing on its motion.

13. Consolidation of the actions before a single court will conserve judicial resources, reduce the costs of litigation, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery, and permit the cases to proceed to trial more efficiently.

14. The proposed transfer and consolidation in a single District Court will serve "the convenience of parties and witnesses and will promote the just and efficient conduct" of these actions.

15. NNA's headquarters and principal place of business are located at 333 Commerce Street, Nashville, Tennessee, 37201.

16. NNA assembles and manufactures, in part, certain Nissan and Infiniti vehicles in the United States at plants located in Tennessee and Mississippi.

17. NNA also distributes Nissan and Infiniti vehicles in the United States.

18. Based on recently submitted and served documents in *Womack*, NNA believes Plaintiffs will seek discovery concerning written materials provided to consumers; advertising, marketing and distribution information; the number of vehicles sold by NNA; consumer complaints concerning odometers and responses to those complaints; actual and projected warranty costs; warranty repairs and related policies after expiration of warranty terms; and various other financial matters. Documents concerning and witnesses knowledgeable about these matters, to the extent relevant, are found in the Middle District of Tennessee.

19. Additionally, jurisdictional discovery concerning NML in *Womack* seeks information from NNA relating to its corporate relationship with NML. Knowledgeable witnesses and documents concerning the corporate relationship are found in the Middle District of Tennessee.

20. The Middle District of Tennessee offers a docket with conditions well suited to handle this proposed MDL.

21. The Middle District of Tennessee offers a centrally located, convenient venue for consolidated pretrial proceedings, especially given the geographic dispersal of these five actions.

Dated: December 6, 2007

Respectfully submitted,

Jacqueline Jauregui, Esq.
James Nelson, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, California 90017
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

E. Paul Cauley, Jr., Esq.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone: (469) 227-8200
Facsimile: (469) 227-8004

**COUNSEL FOR MOVANT,
NISSAN NORTH AMERICA, INC.**