

Filed

DEC 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

NISSAN NORTH AMERICA,
INC. ODOMETER LITIGATION

MDL DOCKET NO. ___

07-3801 RMW

**EXHIBITS TO MOTION OF NISSAN NORTH AMERICA, INC.
FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>NISSAN NORTH AMERICA,<br>INC. ODOMETER LITIGATION | MDL DOCKET NO. ___ |

## SCHEDULE OF ACTIONS

Pursuant to Rule 7.2(a)(ii) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, Movant, Nissan North America, Inc., submits the following schedule of actions:

| Name of Action | District Where Pending | Civil Action No. | Judge |
|---|---|---|---|
| James Selth, individually and on behalf of all others similarly situated v. Nissan North America, Inc., Nissan Motor Co. Ltd, and Does 1 through 500 | Central District of California (Los Angeles) | CV07-07841-SVW | Honorable Stephen V. Wilson |

| | | | |
|---|---|---|---|
| Nkem Anadu, individually and on behalf of all others similarly situated v. Nissan North America, Inc., a California Corporation, and Nissan Motor Co., Ltd., a Japanese Corporation; Nissan-Infiniti LT, a Delaware business trust; Nissan Acceptance Corporation, dba Infiniti Financial Services, a California corporation | Northern District of California (San Jose) | 5:07-cv-03801-RMW | Honorable Ronald Whyte |
| Darryl Hidalgo v. Nissan North America, Inc. and Nissan Motor Co., Ltd. | Eastern District of Michigan (Detroit) | 2:07-cv-15024-ADT | Honorable Anna Diggs Taylor |
| Michael D. Shaffer, individually and on behalf of all others similarly situated v. Nissan North America, Inc. | Eastern District of Pennsylvania (Philadelphia) | 2:07-cv-04794-PBT | Honorable Petrese B. Tucker |
| Rebecca Womack, Individually & On Behalf of All Other Similarly Situated v. Nissan North America, Inc. and Nissan Motor Co., Ltd. | Eastern District of Texas (Marshall) | 2:06-CV-00479-DF | Honorable David Folsom |

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REBECCA WOMACK, Individually & on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. _____ |
| | § | Jury Trial Requested |
| (1) NISSAN NORTH AMERICA, INC., (2) NISSAN MOTOR CO., LTD., | § § § | |
| Defendants. | § § | |

### PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

 **COMES NOW, REBECCA WOMACK,** Individually and on Behalf of All Others Similarly Situated, and files this, her Original Class Action Complaint, and, in support thereof, would respectfully show unto the Court as follows:

### I.

### PARTIES

1.  **REBECCA WOMACK** is an individual residing in the Eastern District of Texas.

2.  **NISSAN NORTH AMERICA, INC.** is a California corporation with its principal place of business in Gardena, California.  Defendant may be served through its registered agent, Lexis Nexis Documents Solution, Inc., at 701 Brazos, Suite 1050, Austin, Texas 78701.

3.    **NISSAN MOTOR COMPANY, LTD.** is a Japanese corporation with its principal place

of business in Tokyo, Japan. Plaintiff has requested a waiver of formal service from this

Defendant.

## II.

### JURISDICTION & VENUE

4.    This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that

Plaintiff's claims arise under the laws of the United States. Jurisdiction is further proper

under 28 U.S.C. § 1332 in that all parties are residents of different states and/or foreign

states and the amount in controversy exceeds $75,000.00.

5.    Venue is proper in the Eastern District of Texas in that Plaintiff is a resident of the

Eastern District of Texas, Plaintiff purchased the vehicle in question in the Eastern

District of Texas and the conduct of which Plaintiff complains occurred wholly or in part

in the Eastern District of Texas.

6.    Because venue is proper in the Eastern District of Texas, Plaintiff may maintain her suit

in any division of the Eastern District of Texas. *Mohamed v. Mazda Motor Corp.*, 90

F. Supp. 2d 757 (E.D. Tex. 2000).

## III.

### FACTUAL BACKGROUND

7.    On or about May 2, 2005 in the Eastern District of Texas,    **REBECCA WOMACK**

purchased a 2005 year model Nissan Altima 2.5S designed, manufactured and marketed

by **NISSAN NORTH AMERICA, INC.** and/or **NISSAN MOTOR COMPANY LTD.**

(collectively "**NISSAN**").

2

8.    *REBECCA WOMACK* further purchased from *NISSAN* a basic warranty against all manufacturing defects for a period of three (3) years or thirty-six thousand (36,000) miles (the "Basic Warranty").

9.    *REBECCA WOMACK* also purchased warranties of varying duration on a number of components of the Altima including a Powertrain Warranty of sixty (60) months or sixty thousand (60,000) miles; a Federal Emissions Performance Warranty of two years or twenty four thousand (24,000) miles; a Federal Emission Defect Warranty of three years or thirty six thousand (36,000) miles; and a Federal Emission Long Term Defect Warranty of ninety six (96) months or eighty thousand (80,000) miles (collectively the "Component Warranties").[1]

10.    *NISSAN* further covenanted with *REBECCA WOMACK* that all genuine Nissan parts purchased from and installed by a Nissan dealer would be free of defects for not less than one (1) year or twelve thousand (12,000) miles (the "Parts Warranty").

11.    In connection with the sale of the vehicle and its warranties, *NISSAN* impliedly represented to *REBECCA WOMACK* that the vehicle's odometer would accurately record the number of miles actually traveled by the vehicle.

12.    In truth, and without *REBECCA WOMACK's* knowledge, *NISSAN* had purposefully designed the vehicle's odometer to inflate the mileage driven by the vehicle by a factor of not less than 2.0% under nominal conditions.

---

[1]

Members of the putative class residing in California, Massachusetts and Vermont also purchased a California Emission Performance Warranty and a California Emission Defect Warranty of three years or fifty thousand (50,000) miles

13.    *NISSAN* achieved this over-registration by installing a computer software device in the vehicle which altered the odometer's performance by an amount which exceeds the odometer manufacturer's design tolerance. Plaintiff further alleges that    *NISSAN's* adopted a uniform, biased odometer performance standard which purposefully accelerated the odometers of all *NISSAN* vehicles in the United States.

14.    *REBECCA WOMACK* would show the Court that the conduct of *NISSAN* was not the result of neglect or indifference; rather it was part of a concerted effort to defraud the American consumer.  *REBECCA WOMACK* specifically alleges that *NISSAN* altered the odometer of her vehicle (as well as those of the proposed class) with the intent to defraud.

15.    Already, this scheme by *NISSAN* has deprived *REBECCA WOMACK* of the benefit of her bargain by shortening her warranties and diminishing the resale value of her vehicle.  Unabated, *NISSAN* will deprive *REBECCA WOMACK* of more than seven hundred (700) miles of her Basic Warranty protection, and, ultimately, will shorten her Component Warranties by as much as one thousand six hundred (1,600) miles.

16.    Likewise, *NISSAN* will reduce the effective period of each class member's warranties over the lifetime of their vehicles.  Moreover, the inflated mileage registered by *REBECCA WOMACK's* odometer daily decreases the market value of her vehicle.

17.    Finally, those class members who leased their *NISSAN* vehicles have been deprived of the full value of their leases and actually or potentially been exposed to excess mileage charges for which they rightfully bear no responsibility.

*IV.*

## *CLASS ACTION ALLEGATIONS*

18.    **REBECCA WOMACK** brings this action on behalf of herself and all others similarly situated. Specifically, the class **REBECCA WOMACK** seeks to represent includes

> All persons and entities who/which purchased or leased a new Nissan or
> Infinity automobile anywhere in the United States since November 15,
> 2004.

The proposed class specifically excludes the United States of America, the State of Texas, counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

19.    **REBECCA WOMACK** would show the Court that individual joinder of the members of the proposed class is patently impractical. Fed. R. Civ. P. 23(a)(1). While the exact number of class members is presently known only to **NISSAN, REBECCA WOMACK** alleges that the class includes hundreds of thousands of individuals and entities. The identity and location of these individuals is known only to **NISSAN** at this time. For all these reasons, individual joinder is patently impractical.

20.    **REBECCA WOMACK** would further show the Court that there is a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. Fed. R. Civ. P. 23(a)(2). These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to, the following:

a.   Whether *NISSAN* adopted a uniform odometer performance standard for all its vehicles;

b.   Whether *NISSAN* installed a computer device to alter the performance of the odometer in violation of federal law;

c.   Whether the odometer performance standard adopted by *NISSAN* causes errors of odometer over-registration;

d.   Whether the installation of the computer device causes errors of odometer over-registration;

e.   Whether such odometer over-registration was the result of *NISSAN's* intent to defraud;

f.   The measure of actual damages;

g.   The availability of statutory penalties; and

h.   Attorney's fees and costs.

21.   *REBECCA WOMACK* would further show the Court that her claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). *REBECCA WOMACK* possesses the same interests and has suffered the same injuries as the unnamed class members. She asserts identical claims and seeks identical relief on behalf of the unnamed class members. In particular, *REBECCA WOMACK* purchased a 2005 year model Nissan Altima containing an odometer which over-registers mileage. She alleges that *NISSAN* violated 49 U.S.C. § 32703 with the intent to defraud her. She seeks damages in an amount sufficient to restore to her the benefit of her bargain, statutory penalties, attorneys fees and costs.

6

22.    **REBECCA WOMACK** would further show the Court that she will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). As evidenced by the filing of this complaint, **REBECCA WOMACK** will vigorously pursue the interests of the class. Moreover, there is no antagonism or conflict of interest between the interests of **REBECCA WOMACK** and those of the unnamed class members. Finally, **REBECCA WOMACK** has retained competent counsel to pursue the interests of the class.

23.    **REBECCA WOMACK** would further show the Court that this case is maintainable as a class action under Rule 23(b)(3), Fed. R. Civ. P. In particular, **REBECCA WOMACK** would show the Court that issues of fact and law common to the class predominate over those affecting only individual members and that a class action is a superior means of resolving this dispute. Fed. R. Civ. P. 23(b)(3). The common issues of law and fact include, but are not limited to, the following:

a.    The existence of a uniform, biased odometer performance standard for all **NISSAN** vehicles;

b.    Whether the uniform, biased odometer performance standard causes errors of odometer over-registration;

c.    Whether **NISSAN** installation a computer device to alter the vehicle odometers in violation of the Federal Odometer Act;

d.    Whether **NISSAN's** adoption of a uniform, biased odometer performance standard was part of a larger scheme to defraud;

e.    Whether **NISSAN's** installation of its computer device to alter the odometer performance was part of a scheme to defraud American consumers;

f.    The measure of actual damages;

g.    The availability of statutory penalties; and

h.    Attorney's fees and costs.

24.    Further, the prosecution of individual actions by hundreds of thousands of **NISSAN**

owners and lessees would unduly burden the courts and the litigants.  Given the relatively

small cost necessary to repair or replace the defective odometer, it is unreasonable to

require or expect class members to litigate their claims individually.  Prosecution of this

case as a class action, by contrast, conserves the resources of the parties and the courts

and allows for a fair and efficient resolution of this dispute.

## V.

## CAUSES OF ACTION

## A.

25.    **REBECCA WOMACK** would show the Court that the conduct of **NISSAN** described

above violates the federal prohibition of odometer tampering as set forth in 49 U.S.C.

§§ 32703(1)-(2), 32710 (West 2006)(the "Act").  In particular, **REBECCA WOMACK**

would show the Court that **NISSAN** has violated the Act in the following manner(s):

a.    Advertising for sale, selling, using, installing or having installed a software device
which causes the odometer of all Nissan vehicles to register a mileage different
from the mileage the vehicle was driven, as registered by the odometer within the
designed tolerance of the manufacturer of the odometer; and/or

b.    Altering or having altered the odometer of all Nissan vehicles intending to change
the mileage registered by the odometer.

8

26.    *REBECCA WOMACK* alleges that the conduct of *NISSAN* in designing, manufacturing

and marketing the vehicles with the altered odometers was committed with the intent to

defraud American consumers and deprive them of the benefit of their bargain.


## VI.

### *DAMAGES*

27.    For herself and on behalf of the entire class,    *REBECCA WOMACK* seeks actual

damages sufficient to restore to these consumers the benefit of their bargain.

28.    Further, because the conduct of *NISSAN* described above was committed with the intent

to defraud American consumers, *REBECCA WOMACK* would show the Court that she

(and the class) are entitled to recover treble her (their) actual damages together with

reasonable attorneys' fees and all costs of court.    49 U.S.C. § 32710.

29.    In the event that such actual damages are less than $500.00 (U.S.) per vehicle,

*REBECCA WOMACK* seeks for herself and the class a statutory penalty of $1,500.00

(U.S.) pursuant to 49 U.S.C. § 32710 for each such vehicle delivered in this country in

the last two years.

       *WHEREFORE, PREMISES CONSIDERED, REBECCA WOMACK* individually and

as representative of the Plaintiff class, respectfully prays that upon final trial of this cause, she

obtain Judgment as follows:

1.    Certifying this case as a class action and appointing *REBECCA WOMACK* and her
      Counsel to represent the interests of the class;

2.    Adjudging that *NISSAN* violated the federal prohibition of odometer tampering and that
      it did so with the intent to defraud American consumers;

3.    Awarding *REBECCA WOMACK* (and the class) her (their) actual damages in an
      amount sufficient to restore to her (them) the benefit of her (their) bargain;

4.    Awarding *REBECCA WOMACK* (and the class) treble her (their) actual damages or not
      less than $1,500.00 (U.S.) for each class vehicle delivered in this country in the last two
      years;

5.    Awarding *REBECCA WOMACK* (and the class) her (their) reasonable attorneys' fees
      incurred at trial and, if necessary, on appeal;

6.    Taxing all costs of Court and the expenses of maintaining this suit (including class
      member notification expenses) against *NISSAN*; and

7.    Awarding *REBECCA WOMACK* (and the class) all pre-judgment and post-judgment
      interest as may be allowed under law at the highest respective lawful rates.

*REBECCA WOMACK* further prays for all other relief to which she or the class may be

justly entitled.

Respectfully submitted,


_____/s/_____
James A. Holmes (Attorney in Charge)
Texas Bar No. 00784290

*THE LAW OFFICE OF JAMES HOLMES, P.C.*

635 SOUTH MAIN, SUITE 203
HENDERSON, TX  75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

*OF COUNSEL:*

R. Stephen Woodfin
Texas Bar No. 21930400

***LAW OFFICE OF STEPHEN WOODFIN***

1012 HOUSTON
KILGORE, TEXAS 75663
(903) 984-0518
(903) 984-2574 (fax)
stephenwoodfin@sydcom.net

Jay Kutchka
Arkansas Bar No. 96010

***JONES, JACKSON & MOLL, P.L.C.***

401 NORTH 7TH STREET
FORT SMITH, ARKANSAS 72902-2023
(479) 782-7203
(479) 782-9460 (fax)
jkutchka@jjmlaw.com

David B. Miller
Texas Bar No. 00788057

***LAW OFFICE OF DAVID B. MILLER.***

4350 BELTWAY DRIVE
ADDISON, TEXAS 75001
(972) 991-2222
(972) 386-0091
David@schneidlaw.com

***ATTORNEYS FOR THE PLAINTIFF CLASS***

1  | AMAMGBO & ASSOCIATES
2  | DONALD AMAMGBO, ESQ.
   | 7901 Oakport Street, Suite 4900
3  | Oakland, California 94621
   | Telephone: (510) 615-6000
4  | Facsimile:  (510) 615-6025
5  | REGINALD TERRELL, ESQ.
6  | THE TERRELL LAW GROUP
   | 223 25th Street
7  | Richmond, California 94804
   | Telephone: (510) 237-9700
8  | Facsimile:  (510) 237-4616
9  | LAW OFFICES OF NWAJEI & COMPANY
10 | Lawrence D. Nwajei
   | 4221 Wilshire Blvd., Suite 392
11 | Los Angeles, CA 90010
   | Telephone: 323-549-0201
12 | Facsimile: 323-549-0211
13 | Attorneys for Plaintiff

ORIGINAL
F I L E D

JUL 2 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

14
15 | UNITED STATES DISTRICT COURT
16 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADR
RMW
RS

17
18 | NKEM ANADU, individually and on behalf of all others similarly situated,

Case No.: C07-03801

19 | Plaintiff,

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

20 | v.

21 | NISSAN NORTH AMERICA, INC.,
22 | a California corporation, and
   | NISSAN MOTOR CO., LTD.,
23 | a Japanese corporation; NISSAN-INFINITI LT,
   | a Delaware business trust; NISSAN
24 | ACCEPTANCE CORPORATION,
   | dba INFINITI FINANCIAL SERVICES
25
26 | a California corporation,

[JURY TRIAL DEMANDED]

27 | Defendants.
28

CLASS ACTION COMPLAINT
1

Come Plaintiff NKEM ANADU, individually and on behalf of all others similarly situated Plaintiff, by counsel, and file her Class Action Complaint, and in support thereof, would respectfully show unto the court as follows:

## I.    Parties

1.    Plaintiff Nkem Anadu resides in the Northern District of California.

2.    Defendants Nissan North America, Inc. and Nissan Acceptance Corporation are California corporations with their principal place of business in Gardena, California, and may be served through their registered agent, Lexis Nexis Document Solutions, Inc., 421 West Main Street, Frankfort, California 40601.

3.    Defendant Nissan Motor Company, Ltd. is a Japanese corporation with its principal place of business in Tokyo, Japan.  Plaintiff is requesting a waiver of formal service from Defendant pursuant to Fed. R. Civ. P. 4(d).

4.    Defendant Nissan-Infiniti LT is a Delaware business trust.

## II.    Jurisdiction and Venue

5.    This court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that Plaintiff' claims arise under the laws of the United States.  Jurisdiction is further proper under 28 U.S.C.  1332 in that all parties herein are residents of different states and/or foreign states and the amount in controversy exceeds $75,000.

6.    Venue is proper in the Northern District of California in that Plaintiff is residents of the Northern District of California and the conduct Plaintiff complains occurred wholly or in part in the Northern District of California,

7.    Because venue is proper in the Northern District of California, Plaintiff may maintain her suit in any division of the Northern District of California.

## III.    Factual Background

8.    Defendant Nissan Motor Co., Ltd. and/or Defendant Nissan North America, Inc. design, manufacture, market, sell, lease and distribute motor vehicles to consumer and business customers in the United States and in the Northern District of California, under the brand names "Nissan" and "Infiniti" (hereinafter collectively called "Nissan").

CLASS ACTION COMPLAINT

2

1    9.    Defendant Nissan Acceptance Corporation, which also does business as

2  Infiniti Financial Services, and Defendant Nissan-Infiniti LT, lease and finance motor vehicles sold

3  and leased by Defendant Nissan Motor Co., Ltd. and/or Defendant Nissan North America, Inc. in

4  the United States and in the Northern District of California.

5    10.    It is Plaintiff's belief that Defendant Nissan Acceptance Corporation, which

6  also does business as Infiniti Financial Services, and Defendant Nissan-Infiniti LT are instruments

7  of, divisions of, affiliates of, or subsidiaries of Defendant Nissan Motor Co., Ltd., and/or Defendant

8  Nissan North America, Inc.

9    11.    Plaintiff Nkem Anadu purchased a Nissan Altima.

10    12.    As part of the bases of the bargains, Plaintiff acquired from Nissan basic

11  warranties against all manufacturing defects for a period of three (3) years or thirty-six thousand

12  (36,000) miles (the "Basic Warranty").

13    13.    Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America,

14  Inc. covenanted with Plaintiff that all genuine Nissan parts purchased from and installed by a

15  Nissan or Infiniti dealer would be free of defects for not less than one (1) year or twelve thousand

16  (12,000) miles (the "Parts Warranty").

17    14.    In connection with the sale of the vehicles and their warranties, Defendant

18  Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc. impliedly represented to

19  Plaintiff that the vehicles' odometer would accurately record the number of miles actually traveled

20  by the vehicle.

21    15.    In truth, and without the knowledge of Plaintiff, Defendant Nissan Motor

22  Co., Ltd., and/or Defendant Nissan North America, Inc. had purposefully designed the vehicle's

23  odometers to inflate the mileage driven by the vehicles by a factor of not less than two percent (2%)

24  under normal conditions.

25    16.    Defendant Nissan Motor Co., Ltd. and/or Defendant Nissan North America,

26  Inc. achieved this over-registration by installing a computer software device in the vehicles, which

27  altered the odometers' performance by an amount, which exceeds the odometer manufacturer's

28  design tolerance.  Plaintiff further allege that Nissan adopted a uniform, biased odometer

1  performances standard, which purposefully accelerated the odometers of all Nissan vehicles in the

2  United States.

3          17.    Plaintiff would show the court that the conduct of Nissan was not the result

4  of neglect or indifference; rather it was part of a concerted effort to defraud the American consumer.

5  Plaintiff specifically allege that Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North

6  America, Inc. altered the odometers of their vehicles (as well as those of the proposed class) with

7  the intent to defraud.

8          18.    Already, this scheme by Defendants have deprived Plaintiff of the benefit of

9  their bargains by shortening their warranties and diminishing the resale value of their vehicles.

10 Unabated, Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc. will

11 deprive Plaintiff of more than seven hundred (700) miles of their Basic Warranty protection, and,

12 ultimately, will shorten their Component Warranties by as much as one thousand six hundred

13 (1,600) miles.

14         19.    Likewise, Nissan will reduce the effective period of each class member's

15 warranties over the lifetime of their vehicles.  Moreover, the inflated mileage registered by the

16 odometers of Plaintiff daily decreases the market value of their vehicles.

17         20.    Defendant Nissan Acceptance Corporation, which also does business as

18 Infiniti Financial Services, and Defendant Nissan-Infiniti Lt stood to gain, and did gain, by virtue of

19 the acts of its affiliated, parent or subsidiary companies, Defendants Nissan North America, Inc. and

20 Nissan Acceptance Corporation, in that they have collected and will collect excess mileage charges

21 over and above the depreciation attributable to those excess mileage charges for which they

22 rightfully bear no responsibility.

23                      IV.    **Class Action Allegations**

24         21.    Plaintiff bring this action on behalf of themselves and all others similarly

25 situated.  Specifically, the class Plaintiff seek to represent includes:

26                 all persons and entities who/which purchased or leased a
                   new Nissan or Infiniti automobile anywhere in the United
27                 States since November 15, 2004.

28

1   Unbated, Defendant Nissan Motor Co., Ltd., and/or Defendant Nissan North America, Inc. will

2   deprive Plaintiffs of more than seven hundred (700) miles of their Basic Warranty protection, and,

3   ultimately, will shorten their Component Warranties by as much as one thousand six hundred

4   (1,600) miles.

5          23.    Likewise, Nissan will reduce the effective period of each class member's

6   warranties over the lifetime of their vehicles. Moreover, the inflated mileage registered by the

7   odometers of Plaintiffs daily decreases the market value of their vehicles.

8          24.    Defendant Nissan Acceptance Corporation, which also does business as

9   Infiniti Financial Services, and Defendant Nissan-Infiniti Lt stood to gain, and did gain, by virtue of

10  the acts of its affiliated, parent or subsidiary companies, Defendants Nissan North America, Inc. and

11  Nissan Acceptance Corporation, in that they have collected and will collect excess mileage charges

12  over and above the depreciation attributable to those excess mileage charges for which they

13  rightfully bear no responsibility.

14                    **IV.    Class Action Allegations**

15         25.    Plaintiffs bring this action on behalf of themselves and all others similarly

16  situated. Specifically, the class Plaintiffs seek to represent includes:

17                    all persons and entities who/which purchased or leased a
                      new Nissan or Infiniti automobile anywhere in the United
18                    States since November 15, 2004.

19         The proposed class specifically excludes the United States of America, the

20  Commonwealth of California, counsel for the parties, the presiding United States District Court

21  Judge, the Justices of the United States Court of Appeals for the Sixth Circuit and the United States

22  Supreme Court, all officers and agents of Defendants, and all persons related to within the third

23  degree of consanguinity or affection to any of the foregoing individuals.

24         26.    Plaintiffs would show the Court that individual joinder of the members of the

25  proposed class is patently impractical. Fed. R. Civ. P. 23(a)(1). While the exact number of class

26  members is presently known only to Defendants, Plaintiffs allege that the class includes hundreds of

27  thousands of individuals and entities. The identity and location of these individuals is known only

28  to Defendants at this time. For all these reasons, individual joinder is patently impractical.

1          27.    Plaintiffs would further show the Court that there is a well-defined

2 community of interest in the questions of law and fact involved that affect the parties to be

3 represented. Fed. R. Civ. P. 23(a)(2). These common questions of law and fact predominate over

4 questions that may affect individual class members. Such issues include, but are not limited to, the

5 following:

6                 a.    Whether Defendants Nissan Motor Co., Ltd. and/or Nissan North

7                       America, Inc. adopted a uniform odometer performance standard for

8                       all its vehicles;

9                 b.    Whether Defendants Nissan Motor Co., Ltd. and/or Nissan North

10                     America, Inc. installed a computer device to alter the performance of

11                     the odometer in violation of federal law;

12                 c.    Whether the odometer performances standard adopted by Defendants

13                     Nissan Motor Co., Ltd. and/or Nissan North America, Inc. causes

14                     errors of odometer over-registration;

15                 d.    Whether the installation of the computer device causes errors of

16                     odometer over-registration;

17                 e.    Whether such odometer over-registration was the result of Defendants

18                     Nissan Motor Co., Ltd. and/or Nissan North America, Inc.'s intent to

19                     defraud;

20                 f.    The measure of actual damages;

21                 g.    The availability of statutory penalties; and

22                 h.    Attorney's fees and costs.

23          28.    Plaintiffs would further show the Court that their claims are typical of the

24 claims of the class. Fed. R. Civ. P. 23(a)(3). Plaintiffs possess the same interests and have suffered

25 the same injuries as the unnamed class members. They assert identical claims and seek identical

26 relief on behalf of the unnamed class members. In particular, Plaintiffs purchased or leased Nissans

27 containing an odometer which over-registers mileage, they allege that Nissan violated 49 U.S.C. §

28

Case 5:07-cv-03801-RMW   Document 3   Filed 08/29/2007   Page 7 of 12

1   32703 with the intent to defraud them, and they seek damages in an amount sufficient to restore to

2   them the benefit of their bargains, statutory penalties, attorneys' fees, and costs.

3         29.    Plaintiffs will vigorously pursue the interests of the class. Moreover, there is

4   no antagonism or conflict of interest between the interests of Plaintiffs. Plaintiffs have retained

5   competent counsel to pursue the interests of the class.

6         30.    Plaintiffs would further show the Court that this case is maintainable as a

7   class action under Rule 23(b)(3), Fed. R. Civ. P. In particular, Plaintiffs would show the Court that

8   issues of fact and law common to the class predominate over those affecting only individual

9   members and that a class action is a superior means of resolving this dispute. Fed. R. Civ. P.

10  23(b)(3). The common issues of law and fact include, but are not limited to, the following:

11          a.    The existence of uniform, biased odometer performance standard for

12              all Nissan vehicles;

13          b.    Whether the uniform, biased odometer performances standard causes

14              of errors of odometer over-registration;

15          c.    Whether Defendants Nissan North America, Inc. and Nissan Motor

16              Co., Ltd. installed a computer device to alter the vehicle odometers in

17              violation of the Federal Odometer Act;

18          d.    Whether Defendants Nissan North America, Inc. and Nissan Motor

19              Co., Ltd's adoption of a uniform, biased odometer performance

20              standard was part of a larger scheme to defraud;

21          e.    Whether Defendants Nissan North America, Inc. and Nissan Motor

22              Co., Ltd's installation of its computer device to alter the odometer

23              performance was part of a scheme to defraud American consumers;

24          f.    Whether Defendants Nissan-Infiniti LT and/o Nissan Acceptance

25              Corporation have been unjustly enriched or have conspired with the

26              other Defendants to defraud American consumers;

27          g.    The measure of actual damages;

28          h.    The availability of statutory penalties; and

1          i.      Attorneys' fees and costs.

2          31.      Further, the prosecution of individual actions by hundreds of thousands of

3    Nissan owners and lessees would unduly burden the courts and the litigants.  Given the relatively

4    small cost necessary to repair or replace the defective odometer, it is unreasonable to require or

5    expect class members to litigate their claims individually.  Prosecution of this case as a class action,

6    by contrast, conserves the resources of the parties and the courts that allow for a fair and efficient

7    resolution of this dispute.

8                          V.      Causes of Action

9                          FIRST CAUSE OF ACTION

10          32.      The conduct of Defendants Nissan North America, Inc. and Nissan Motor

11   Co., Ltd. described above violates the federal prohibition of odometer tampering as set forth in 49

12   U.S.C. §§ 32703(1)-(2), 32710 (West 2006) (the "Act").  In particular, Plaintiffs would show the

13   Court that Nissan has violated the Act in the following manner(s):

14                  a.      Advertising for sale, selling, using, installing or having installed a

15                          software device which causes the odometer of all Nissan vehicles to

16                          register a mileage different from the mileage the vehicle was driven,

17                          as registered by the odometer within the designed tolerance of the

18                          manufacturer of the odometer; and/or

19                  b.      Altering or having altered the odometer of all Nissan vehicles

20                          intending to change the mileage registered by the odometer.

21          33.      The conduct of Defendants Nissan North America, Inc. and Nissan Motor

22   Co., Ltd., in designing, manufacturing and marketing the vehicles with altered odometers was

23   committed with the intent to defraud American consumers and deprive them of the benefit of their

24   bargain.

25          34.      The conduct of Defendants Nissan-Infiniti LT and Nissan Acceptance

26   Corporation, in financing and leasing Nissan motor vehicles with the altered odometers was

27   committed with the intent to defraud American consumers and deprive them of the benefit of their

28   bargain.

Case 5:07-cv-03801-RMW    Document 3    Filed 05/08/2007    Page 9 of 42

## SECOND CAUSE OF ACTION

(Violation of Bus. & Prof. Code § 17200)
(Against all Defendants)

35.    Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

36.    The acts and practices of defendant as alleged herein constitute unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code § 17200, *et seq.*

37.    Defendants have engaged in "unlawful" business acts and practices by violating Bus. & Prof. Code § 17500, *et seq.*

38.    Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices. Such conduct is ongoing and continues to this date.

39.    Defendants have also engaged in a "fraudulent" business act or practice in the representations and omissions described herein are false and/or likely to deceive potential and current customers.

40.    Defendants have also engaged in "unfair" business acts or practices in the harm caused by defendants' conduct outweighs any utility of such conduct and such conduct, offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to consumers.

41.    The aforementioned unlawful, fraudulent, and unfair business acts or practices conducted by defendants continue to this day. Defendants have failed to publicly acknowledge the wrongful nature of their actions and have not corrected the advertisements.

42.    As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiff brings this action pursuant to Sections 17203 and 17204 for injunctive relief to enjoin the practices described herein.

VII

43.    Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

44.    California's False Advertising law (Bus. & Prof. Code §§ 17500, *et seq.*) makes it unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statements, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

45.    Defendant disseminated to member of the public in this state, statements relating to the free month advertising campaign.

46.    The statements were untrue and misleading.

47.    Defendants knew or should have known, through the exercise of reasonable care the statements were untrue and misleading.

48.    Defendants' actions in violation of Section 17500 were false and misleading such that the general public it was likely to be deceived.

49.    As a direct and proximate result of these acts, consumers have been and are being harmed.  Plaintiff brings this action pursuant to Sections 17535 for injunctive relief to enjoin the practices described herein.

## XIII.
## FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT/RESTITION
### (Against all Defendants)

50.    Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

51.    Defendants were unjustly enriched at Plaintiff's and the putative class' expense Defendant should restore the ill-gotten gains to Plaintiff and the class.

## VI.    Damages

CLASS ACTION COMPLAINT
10

52.    For Plaintiffs, and on behalf of the entire class, said Plaintiffs seek actual damages sufficient to restore to these consumers the benefit of their bargain.

53.    Further, because the conduct of Defendants described above was committed with the intent to defraud American consumers, Plaintiffs would show the Court that they (and the class) are entitled to recover treble their actual damages together with reasonable attorneys' fees and all costs of court. 49 U.S.C. § 32710.

54.    In the event that such actual damages are less than $500 (U.S.) per vehicle, Plaintiffs seek for themselves and the class a statutory penalty of $1,500 (U.S.) pursuant to 49 U.S.C. § 32710 for each such vehicle delivered in this country in the last two (2) years.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and as representatives of the Plaintiff class, respectfully pray that upon final trial of this cause, they each obtain judgment as follows:

1.    Certifying this case as a class action and appointing Plaintiff and their counsel to represent the interests of the class;

2.    Adjudging that Defendants Nissan Motor Co., Ltd. and/or Nissan North America, Inc. violated the federal prohibition of odometer tampering and that they did so with the intent to defraud American consumers;

3.    Adjudging that Defendants Nissan-Infiniti LT. and/or Nissan Acceptance Corporation have been unjustly enriched and have conspired with the other Defendants to defraud American consumers to product profits that should be ordered disgorged.

4.    Awarding Plaintiffs (and the class) their actual damages in an amount sufficient to restore to them the benefit of their bargain;

5.    Awarding Plaintiffs treble their actual damages or not less than $1,500 (U.S.) for each class vehicle delivered in this country in the last two years;

6.    Awarding Plaintiffs (and the class) their reasonable attorneys' fees incurred at trial and, if necessary, on appeal.

7.    Taxing all costs of Court and the expenses of maintaining this suit (including class member notification expenses) against Defendants, jointly and severally;

1          8.    Awarding Plaintiffs (and the class) all prejudgment and postjudgment interest

2    as may be allowed under law at the highest respective lawful rates;

3          9.    Trial by jury on all issues so triable; and

4          10.   All other relief to which Plaintiffs (and the class) may be justly entitled.

5

6    Dated: July 25, 2007

                              DONALD AMAMGBO, ESQ.
7                             AMAMGBO & ASSOCIATES
                              7901 Oakport Street, Suite 4900
8                             Oakland, California 94621
                              Telephone: (510) 615-6000
9                             Facsimile:  (510) 615-6025

10                            REGINALD TERRELL, ESQ.
                              THE TERRELL LAW GROUP
11                            223 25th Street
                              Richmond, California 94804
12                            Telephone: (510) 237-9700
                              Facsimile:  (510) 237-4616
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT
12

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL D. SHAFFER, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No.: |
| Plaintiff, | : | CLASS ACTION |
| v. | : | |
| NISSAN NORTH AMERICA, INC., | : | |
| Defendant. | : | |

## CLASS ACTION COMPLAINT

Plaintiff, Michael D. Shaffer ("Shaffer" or "Plaintiff"), brings this class action lawsuit against Defendant, Nissan North American, Inc. ( "Nissan" or "Defendant") on behalf of himself and all others similarly situated, upon information and belief except as to paragraphs 4, 8 and 9, and avers as follows:

## SUMMARY OF CLAIMS

1.      This class action lawsuit alleges violations of the federal statute prohibiting odometer tampering, 49 U.S.C. §§ 32702 *et seq.* (the "Act"), and a common law claim for unjust enrichment.

2.      Plaintiff is a member and proposed representative of a class of consumers in the United States who purchased or leased automobiles manufactured and sold by Defendant. Plaintiff seeks to redress the injuries Defendant caused to the Class through a common and continuing pattern of purposely designing and setting the vehicle's odometer to inflate the mileage driven by the vehicle by a factor of not less than 2.0% under nominal conditions, and

1

using computer software to alter the odometer performance so that the odometer registers more mileage than was traveled.

3.    Defendant's improper manufacturing and setting of odometers caused damages to Plaintiff and Class members including shortening the warranty and lease contracts, and thus increasing Plaintiff's expenses for repairs and costs for mileage penalties, as well as diminishing the value of the automobiles.

## PARTIES

4.    Michael Shaffer is an individual residing in Bala Cynwyd, Pennsylvania.

5.    Nissan North America, Inc. is a California corporation with its headquarters and principal place of business in Nashville, Tennessee.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States.

7.    Venue is proper in the Eastern District of Pennsylvania in that Plaintiff is a resident of the Eastern District of Pennsylvania, Plaintiff purchased the vehicle in question in this district, and the conduct of which Plaintiff complains occurred wholly or in part in this district.

## FACTUAL BACKGROUND

8.    On or about July, 2007 in the Eastern District of Pennsylvania, Michael Shaffer leased a 2007 model year Nissan Quest 3.5SE designed, manufactured and marketed by Nissan North America, Inc.

9.    Mr. Shaffer further purchased from Nissan a written warranty, the basic warranty

2

against all manufacturing defects for a period of three (3) years or thirty-six thousand (36,000) miles (the "Basic Warranty").

10.    Nissan also provided various warranties of varying duration on a number of components of the Quest, including for example, a Powertrain Warranty of sixty (60) months or sixty thousand (60,000) miles; a Federal Emissions Performance Warranty of two (2) years or twenty four thousand (24,000) miles; a Federal Emission Defect Warranty of three (3) years or thirty six thousand (36,000) miles; and a Federal Emission Long Term Defect Warranty of ninety six (96) months or eighty thousand (80,000) miles (collectively the "Component Warranties").

11.    Nissan also covenanted that all genuine Nissan parts purchased from and installed by a Nissan dealer would be free of defects for not less than one (1) year or twelve thousand (12,000) miles (the "Parts Warranty").

12.    The odometer is a system in all vehicles that measures the distance the vehicle travels, in either kilometers or miles, on an analog or digital counter. Modern odometers are based on a formula programmed by the vehicle or instrument manufacturer. The accuracy of the odometer is affected by how the manufacturer programs the odometer.

13.    There are no governmental regulations concerning odometer accuracy, and the only industry standard is a voluntary one by the Society of Automotive Engineers that suggest odometers should be within +/- .4%, or no more than 4 miles high or low in every 100 miles. However, consumers expect that their odometers will be wholly accurate.

14.    Manufacturers are able to set their odometers to be wholly accurate. Earlier this year, Honda tightened its odometer accuracy and centered the odometer on 0%, beginning with 2007 models. It has also been reported that, when faced with complaints of odometer readings

3

5% higher than the actual miles traveled, in January 2000, Porsche released a new calibration that made its odometers accurate.

15.     According to an April 2002 NHTSA Report Number DOT HS 809 441, *Preliminary Report: The Incidence Rate of Odometer Fraud,* there is a significant price paid by consumers for inaccurate odometers, as a vehicle's odometer reading is a key indicator of the condition, and therefore, the value, of the vehicle.

16.     In connection with the sale of the vehicle and its warranties, Nissan impliedly represented to Mr. Shaffer that the vehicle's odometer would accurately record the number of miles actually traveled by the vehicle.

17.     In truth, and without Mr. Shaffer's knowledge, Nissan had purposefully designed the vehicle's odometer to inflate the mileage driven by the vehicle by a factor of not less than 2.0% under nominal conditions.

18.     Nissan achieved this over-registration by using a computer software device in the vehicle that altered the odometer's performance by an amount which exceeds the odometer manufacturer's design tolerance. Nissan also adopted a uniform, biased odometer performance standard which purposefully accelerated the odometers of Nissan vehicles in the United States.

19.     The conduct of Nissan was not the result of neglect or indifference. Rather, it was part of a concerted plan, as Nissan altered the odometer of Plaintiff's vehicle (as well as those of the proposed Class) with the intent to defraud the American consumer.

20.     Already, this scheme by Nissan has deprived Plaintiff of the benefit of his bargain by shortening his warranties and diminishing the resale value of his vehicle. Unabated, Nissan will deprive Plaintiff of more than five hundred (500) miles of his Basic Warranty

protection.

21.    Nissan will likewise reduce the effective period of each Class member's

warranties over the lifetime of their vehicles.

22.    In addition, Plaintiff and those Class members who leased their Nissan vehicles

have been deprived of the full value of their leases and actually or potentially been exposed to

excess mileage charges and increased maintenance and repair costs for which they rightfully

bear no responsibility.

23.    Finally, the inflated mileage registered by Plaintiff's odometer daily decreases the

market value of his vehicle.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff brings this action on behalf of himself and all others similarly situated.

Specifically, the Class Plaintiff seeks to represent includes:

> All persons and entities who/which purchased or leased a new
> Nissan automobile anywhere in the United States since November
> 15, 2004.

The proposed Class specifically excludes counsel for the parties, the presiding United States

District Court Judge, the Justices of the United States Court of Appeals for the Third Circuit and

the United States Supreme Court, all officers and agents of Defendant.

25.    Individual joinder of the members of the proposed Class is impractical.  While the

exact number of Class members is presently known only to Nissan, Plaintiff alleges that the

Class includes hundreds of thousands of individuals and entities.  The identity and location of

these individuals is known only to Nissan at this time.  For all these reasons, individual joinder is

patently impracticable.

5

26.    There is a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual Class members. Such issues include, but are not limited to, the following:

a.    Whether Nissan adopted a uniform odometer performance standard for all its vehicles;

b.    Whether the odometer performance standard adopted by Nissan causes errors of odometer over-registration;

c.    Whether Nissan's installation of the computer device causes errors of odometer over-registration;

d.    Whether odometer over-registration was the result of Nissan's intent to defraud;

e.    The measure of actual damages;

f.    The availability of statutory penalties; and

g.    Attorney's fees and costs.

27.    Plaintiff's claims are typical of the claims of the Class. Plaintiff possesses the same interests and has suffered the same injuries as the unnamed Class members. He asserts identical claims and seeks identical relief on behalf of the unnamed Class members. In particular, Plaintiff purchased a 2007 model year Nissan Quest containing an odometer which over-registers mileage. He alleges that Nissan violated 49 U.S.C. § 32703 with the intent to defraud him. He seeks damages in an amount sufficient to restore to him the benefit of his bargain, as well as statutory penalties, attorneys' fees and costs.

28.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff will vigorously pursue the interests of the Class. Moreover, there is no antagonism or conflict of

interest between the interests of Plaintiff and those of the unnamed Class members. Finally, Plaintiff has retained competent counsel to pursue the interests of the Class.

29.    This case is maintainable as a class action under Rule 23(b)(3), Fed. R. Civ. P. In particular, the issues of fact and law identified above that are common to the Class predominate over those affecting only individual members, and a class action is a superior means of resolving this dispute. After determination of the predominant common issues identified above, if necessary or appropriate, the Class can be divided into logical and manageable subclasses.

30.    Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole and in the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

31.    Further, the prosecution of individual actions by hundreds of thousands of Nissan owners and lessees would unduly burden the courts and the litigants. Given the relatively small cost necessary to repair or replace the defective odometer, it is unreasonable to require or expect Class members to litigate their claims individually. Prosecution of this case as a class action, by contrast, conserves the resources of the parties and the courts and allows for a fair and efficient resolution of this dispute.

32.    Any applicable statutes of limitation have been tolled by Defendant's continuing, knowing and active concealment of the facts alleged herein. Plaintiff and members of the Class have been kept in ignorance of vital information essential to the pursuit of these claims without any fault or lack of diligence on their part. Because Defendant is and was in exclusive possession of the facts and information concerning the true character, quality and nature of its

7

odometers, Defendant should be estopped from relying on any statutes of limitation.

## CAUSES OF ACTION

### COUNT I
### (Violation of 49 U.S.C. §§ 32703(1)-(2); 32710)

33.    The preceding allegations are incorporated herein by reference.

34.    Nissan's wrongful acts and practices, as described above, violate the federal

statute prohibiting odometer tampering, 49 U.S.C. §§ 32703(1)-(2); 32710, by Nissan's conduct

in, *inter alia:*

      a.    Selling, using, installing and/or having installed a software device that causes the odometers of Nissan vehicles to register a mileage greater than the mileage actually traveled by the vehicle, as registered by the odometer within the designed tolerance of the odometer manufacturer; and/or

      b.    Altering or having altered the odometer of Nissan vehicles intending to change the mileage registered by the odometer.

35.    Nissan's wrongful conduct of designing, manufacturing, marketing, financing,

selling and/or leasing vehicles with altered odometers was engaged in with the intent to defraud

American consumers and deprive them of the benefits of their bargains.  Nissan's wrongful

conduct violates (and continues to violate) 49 U.S.C. §§ 32703(1)-(2); 32710.

36.    As a direct and/or proximate result of Nissan's wrongful conduct, Plaintiff and the

Class members have sustained (and will continue to sustain) actual and/or consequential

damages in the form of (i) the lost benefit of their bargain, (ii) monetary losses for maintenance

incurred due to the improper odometer readings, (iii) repairs that should have been covered by

their warranties, (iv) monetary losses for excess mileage charges paid under their leases, and/or

(v) the diminution in value of their vehicles.  All of the damages sustained by Plaintiff and the

Class were reasonably foreseeable by Nissan.

8

37.     In the event such damages are less than $500 per vehicle, Plaintiff on behalf of himself and the Class members, seeks statutory penalties of $1,500 per Nissan vehicle delivered in this country, pursuant to 49 U.S.C. § 32710.

38.     Further, because the conduct of Nissan described above was committed with the intent to defraud American consumers, Plaintiff and the Class are entitled to recover treble his (their) actual damages together with reasonable attorneys' fees and all costs. *See* 49 U.S.C. § 32710.

## COUNT II

## UNJUST ENRICHMENT/RESTITUTION

39.     The preceding allegations are incorporated herein by reference.

40.     Nissan has been (and will continue to be) unjustly enriched by virtue of its wrongful acts and practices (*i.e.*, reduced warranty repair costs and excess lease mileage charges), to the financial detriment of Plaintiff and the Class members.

41.     Nissan's acceptance and retention of these benefits under the above-stated circumstances would be inequitable.

42.     Nissan should be required to disgorge all amounts by which it has been unjustly enriched by it wrongful acts and practices.

WHEREFORE, Plaintiff individually and as representative of the Class, respectfully prays for judgment against Defendant as follows:

1.     Certifying this case as a class action and appointing Michael Shaffer and his Counsel to represent the interests of the Class;

2.     Adjudging that Nissan violated the federal prohibition of odometer tampering and

9

that it did so with the intent to defraud American consumers;

3.    Awarding Plaintiff (and the Class) his (their) actual damages in an amount sufficient to restore to him (them) the benefit of his (their) bargain;

4.    Awarding Plaintiff (and the Class) treble his (their) actual damages or not less than $1,500.00 (U.S.) for each Class member's vehicle delivered in this country in the last two years;

5.    Awarding Plaintiff (and the Class) his (their) reasonable attorneys' fees incurred at trial and, if necessary, on appeal;

6.    Taxing all costs of Court and the expenses of maintaining this suit (including Class member notification expenses) against Defendant;

7.    Awarding Plaintiff (and the Class) all pre-judgment and post-judgment interest as may be allowed under law at the highest respective lawful rates; and

8.    For all other relief as the Court may deem necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 13, 2007          SHEPHERD, FINKELMAN, MILLER
                                  & SHAH, LLC

                                  By: _____
                                       Scott R. Shepherd
                                       Natalie Finkelman Bennett
                                       35 E. State Street
                                       Media, PA 19063
                                       Telephone: 610/891-9880
                                       Facsimile: 610/891-9883
                                       Email: sshepherd@sfmslaw.com
                                              nfinkelman@sfmslaw.com

                                  **Counsel for Plaintiff and the Class**

Case 5:07-cv-03801-RMW   Document 8   Filed 12/07/2007   Page 38 of 45
Case 2:07-cv-15024  DT-VMM   Document 1   Filed 11/2/2007   Page 1 of 10

*10*

Receipt Number

5 6 4 5 3 9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

DARRYL HIDALGO,          )

        **Plaintiff,**       )

       v.                 )

NISSAN NORTH AMERICA, INC. and )
NISSAN MOTOR CO., LTD.,       )

      **Defendants.**    )

Case: 2:07-cv-15024
Judge: Taylor, Anna Diggs
Referral MJ: Morgan, Virginia M
Filed: 11-27-2007 At 10:59 AM
CMP HIDALGO V. NISSAN NA, INC (DA)

## CLASS ACTION COMPLAINT

Plaintiff Darryl Hidalgo ("Plaintiff"), individually and on behalf of a class of similarly situated persons, brings this class action suit against Nissan North America, Inc. and Nissan Motor Co., Ltd. (collectively, "Nissan"). Plaintiff makes the following allegations:

### PARTIES

1.    Plaintiff Darryl Hidalgo is a citizen and resident of Cypress, Texas.

2.    Defendant Nissan North America, Inc. is a Tennessee corporation with its principal place of business in Smyrna, Tennessee.

3.    Defendant Nissan Motor Co., Ltd. is a Japanese corporation, with its principal place of business in Tokyo, Japan. Plaintiff will request waiver of formal service from this Defendant pursuant to FED. R. CIV. P. 4(d).

### JURISDICTION AND VENUE

4.    This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2)(A), as amended by Public Law 109.2, 199 Stat. 4 (2005), because the proposed

Class exceeds 100 members, the amount in controversy exceeds $5 million, and all parties herein are residents of different states.

5.    At all relevant times, Nissan had an agent or transacted business in the State of Michigan, including the Eastern District of Michigan. A substantial part of the conduct and omissions giving rise to the claims occurred in the Eastern District of Michigan. Venue, therefore, is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(a).

## FACTS

6.    Defendant Nissan Motor Co., Ltd. and/or Defendant Nissan North America, Inc. design, manufacture, market, sell, lease and distribute motor vehicles to consumer and business customers in the United States and in the Eastern District of Michigan, under the brand name "Nissan."

7.    On or about November 1, 2005 Plaintiff Darryl Hidalgo purchased a 2006 Nissan Frontier Crew Cab LE designed, manufactured and marketed by Nissan.

8.    Plaintiff further acquired from Nissan basic warranties against all manufacturing defects for a period of three years or thirty-six thousand miles (the "Basic Warranty").

9.    Defendant Nissan Motor Co., Ltd. and/or Defendant Nissan North America, Inc. further covenanted with Plaintiff that all genuine Nissan parts purchased from and installed by a Nissan dealer would be free of defects for not less than one year or twelve thousand miles (the "Parts Warranty").

10.    The odometer is a system in all vehicles that measures the distance a vehicle travels. Manufacturers such as Defendants calibrate their vehicles' odometers. The accuracy of the odometer is affected by how precisely the manufacturer programs the software that records the mileage traveled by the vehicle.

2

11.    According to an April 2002 NHTSA Report Number DOT 809 441, Preliminary Report: The Incidence Rate of Odometer Fraud, consumers pay a significant price for inaccurate odometers because a vehicle's odometer reading is a key indicator of the condition, and therefore the value of a vehicle.

12.    In connection with the sale of the vehicles and their warranties, Defendant Nissan Motor Co., Ltd. and/or Defendant Nissan North America, Inc. impliedly represented to Plaintiff that the vehicle's odometer would accurately record the number of miles actually traveled by the vehicle.

13.    On information and belief, Nissan purposefully designed its vehicles' odometers to inflate the mileage traveled by the vehicles by a factor of not less than two percent under normal conditions.

14.    Nissan achieved this by programming its computerized odometers to over-register the actual mileage traveled.

15.    Nissan set the odometers in its vehicles to register more miles than actually traveled as a part of a concerted effort to defraud the American consumer. It did not merely result from negligence or indifference.

16.    Through this scheme, Nissan has deprived Plaintiff of the benefit of his bargain by effectively shortening his/her warranty and diminishing the resale value of his vehicle. Nissan's conduct, unless remedied, will ultimately deprive Plaintiff of more than seven hundred miles of his Basic Warranty protection, and shorten his Parts Warranties by as much as sixteen-hundred miles.

17.    Likewise, Nissan's conduct has and will reduce the effective time period of each Class member's warranties over the lifetime of their vehicles, and daily decreases the market value of their vehicles.

3

18.     Defendants were unjustly enriched in that they have collected and will collect charges for excessive mileage and other services to which they were not otherwise entitled, and have avoided warranty payments they should have made, while Plaintiff and other Class members were deprived of the full value of their leases and/or vehicle's value.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent:

> All persons and entities who/which purchased or leased a new Nissan automobile anywhere in the United States, from the date of the filing of the Complaint in this action through the date of final judgment.

The proposed class excludes counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court, and all officers and directors of Defendants.

20.     The Class consists of hundreds of thousands of Nissan owners and lessees located throughout Michigan and United States.  While the exact number of Class members and the identities of individual Class members are unknown at this time, and can only be ascertained through appropriate discovery, the Class is nonetheless so numerous that joinder of all Class members is impracticable.

21.     Questions of law and fact common to all Class members exist and predominate over any questions affecting only individual members.  Such questions of law and fact common to the Class include, without limitation:

a.     Whether Nissan adopted a uniform odometer performance standard;

b.     Whether Nissan calibrated the performance of its odometers in violation of federal law;

4

    c.     Whether the installation of the computer device causes errors of odometer over-registration;

    d.     Whether such odometer over-registration was the result of Nissan's intent to defraud;

    e.     The existence and measure of damages; and

    f.     The availability of statutory penalties.

24.     Plaintiff's claims, as described herein, are typical of the claims of all Class members, because the claims of Plaintiff and all Class members arise from the same set of facts. Each purchased or leased a Nissan vehicle containing an odometer which over-registers mileage. Plaintiff alleges that Nissan violated 49 U.S.C. § 32703 with the intent to defraud him and all Class members, and seeks damages, statutory penalties, and attorneys' fees and costs.

25.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are not antagonistic to or in conflict with the interests of other Class members. Plaintiff has retained competent counsel experienced in the prosecution of class actions of this type.

26.     Further, the prosecution of individual actions by hundreds of thousands of Nissan owners and lessees would unduly burden the courts and the litigants. Given the relatively small cost necessary to repair or replace the defective odometer and the relatively small amount of statutory damages available to each Class member, it is unreasonable to require or expect putative class members to litigate their claims individually. For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF 49 U.S.C. §§ 32703(1)-(2)

27.    Plaintiff incorporates and realleges paragraphs 1 through 26 above as though set forth herein.

28.    The Federal Odometer Act, 49 U.S.C. §§ 32703(1)-(2) (the "Act"), in relevant part, makes it unlawful to:

(1) [A]dvertise for sale, sell, use, install, or have installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer;

(2) [A]lter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer.

29.    Nissan wrongfully manufactured, marketed, sold and leased vehicles with illegally calibrated odometers with the intent to defraud American consumers and deprive them of the benefit of their bargain.

30.    Further, because Nissan engaged in the aforementioned conduct with the intent to defraud American consumers, Plaintiff and the Class are entitled to recover treble their actual damages together with reasonable attorneys' fees and all costs of court. 49 U.S.C. § 32710.

31.    In the event that such actual damages are less than $500 per vehicle, Plaintiff seeks for himself and the Class a statutory penalty of $1,500 pursuant to 49 U.S.C. § 32710 for each such vehicle delivered in this country within two years prior to the date of filing of this complaint through the ate of final judgment.

6

## COUNT II

### UNJUST ENRICHMENT/RESTITUTION

32.     Plaintiff incorporates and realleges paragraphs 1 through 31 above as though set forth herein.

33.     Defendants have been (and will continue to be) unjustly enriched by their wrongful acts to the financial detriment of Plaintiff and the Class members.

34.     Defendants should be required to disgorge to Plaintiff and the Class members all ill-gotten benefits to which they were/are not entitled.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests the following relief:

A.     Certification of this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and appointment of Plaintiff and his counsel to represent the Class;

B.     Entry of judgment in favor of Plaintiff and the Class, and against Defendants;

C.     Repair or replacement of all defective odometers;

D.     Disgorgement of all profits by which Defendants have been unjustly enriched;

E.     Actual damages;

F.     Treble damages or not less than $1,500 for each class vehicle purchased in this country in the two years prior to the date of filing this complaint, pursuant to 49 U.S.C. § 32710(a).

G.     Attorneys' fees, expenses, and costs of this suit, pursuant to 49 U.S.C. § 32710(b);

H.     Post-judgment interest at the maximum rate allowed by law;

I.     Such other and further relief as the Court deems just and reasonable.

7

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: _____
    One of Plaintiff's Attorneys

E. Powell Miller (P39487)
Marc L. Newman (P51393)
**The Miller Law Firm, P.C.**
950 W. University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
(248) 652-2852 facsimile
www.millerlawpc.com

John R. Wylie, Esq.
Charles R. Watkins, Esq.
**FUTTERMAN HOWARD WATKINS WYLIE & ASHLEY, CHTD.**
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
(312) 427-3600
(312) 427-1850 facsimile

Wyatt B. Durrette, Esq.
Christopher G. Hill. Esq.
**DURRETTE BRADSHAW PLC**
Main Street Centre
Twentieth Floor
600 East Main Street
Richmond, Virginia 23219
(804) 775-6900
(804) 775-6911 facsimile

8