1  Taras P. Kick (State Bar No. 143379)
   G. James Strenio (State Bar No. 177624)
2  Thomas A. Segal (State Bar No. 222791)
   THE KICK LAW FIRM, APC
3  900 Wilshire Blvd., Suite 230
   Los Angeles, California 90017
4  (213) 624-1588; Fax (213) 624-1589

5  Attorneys for Plaintiff,

6

7

8                    **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

                                      **CV07-07841**SVW(JWJ x)
10  James Selth, individually and on
    behalf of all others similarly        Case No.
11  situated,
                                          **CLASS ACTION COMPLAINT**
12            Plaintiff,                   **FOR:**

13     v.                                 **1.  Violations of 49 U.S.C. §§
                                          3270(1)-(2); 32710**
14  Nissan North America, Inc.,
    Nissan Motor Co. Ltd., and DOES       **2. Violations of** *California Business
15  1 through 500.                        *& Professions Code* **§17200,** *et seq.*

16            Defendants.                  **3. Violations of** *California Business
                                          *& Professions Code* **§17500,** *et seq.*
17
                                          **4. Violations of** *California Civil Code*
18                                         **§ 1750 et seq.**

19                                         **5. Common Law Fraud**

20                                         **6. Negligent Misrepresentation**

21                                         **7. Unjust Enrichment**

22                                         **8. Common Count for Money Had
                                             And Received**
23
                                          **JURY TRIAL DEMANDED**
24

25  TO THE HONORABLE UNITED STATES DISTRICT COURT:

26       Plaintiff James Selth ("Selth" or the "Plaintiff), on behalf of himself and all

27  other similarly situated persons and entities, complains of the actions of Defendants

28

                                          1
                              **CLASS ACTION COMPLAINT**

1 Nissan North America, Inc., Nissan Motor Co., Ltd.,(collectively, "Nissan" or the

2 "Defendants"), and respectfully shows the following:

3 PARTIES

4 1.    Plaintiff Selth is and at all times relevant herein was a citizen and resident of

5 Los Angeles, Los Angeles County, California.

6 2.    Defendant Nissan North America, Inc. is a California corporation with its

7 principal places of business in Smyrna, Tennessee. Defendant Nissan North America,

8 Inc.  may be served with Summons and a copy of the Original Class Action

9 Complaint (the "Complaint") by serving its registered agent for service of process,

10 Lexis Nexis Document Solutions, Inc. 421 West Main Street, Frankford, California

11 40601.

12 3.    Defendant Nissan Motor Company, Ltd. is a Japanese corporation with its

13 principal place of business in Tokyo, Japan. Selth will request a waiver of formal

14 service from Defendant Nissan Motor Company, Ltd., pursuant to FED. R. CIV. P.

15 4(d), and, if denied, will seek to serve the Complaint via the Hague Convention.

16

17 4.    Defendants Nissan Motor Co., Ltd. and/or Defendant Nissan North America,

18 Inc. design, manufacture, market, sell, lease and/or distribute motor vehicles to

19 consumer and business customers throughout the United States, including the Central

20 District of California, under the brand names "Nissan" and "Infiniti." The "Nissan"

21 and "Infiniti" brand names hereafter together will be referred to as "Nissan."

22 5.    Plaintiff is currently ignorant of the true names and capacities, whether

23 individual, corporate, associate, or otherwise, of the defendants sued herein under the

24 fictitious names Does 1 through 50, inclusive, and therefore, sue such defendants by

25 such fictitious names. Plaintiff will seek leave to amend this complaint to allege the

26 true names and capacities of said fictitiously named defendants when their true names

27 and capacities have been ascertained. Plaintiff is informed and believes and thereon

28 alleges, that each of the fictitiously named Doe defendants is legally responsible in

1 some manner for the events and occurrences alleged herein, and for the damages
2 suffered by the class.

3 6.    Plaintiff is informed and believes and thereon alleges that all defendants,
4 including the fictitious Doe defendants, were at all relevant times acting as actual
5 agents, conspirators, ostensible agents, partners and/or joint venturers and employees
6 of all other defendants, and that all acts alleged herein occurred within the course and
7 scope of said agency, employment, partnership, and joint venture, conspiracy or
8 enterprise, and with the express and/or implied permission, knowledge, consent,
9 authorization and ratification of their co-defendants; however, each of these
10 allegations are deemed "alternative" theories whenever not doing so would result in
11 a contradiction with the other allegations.

12

13                    II. JURISDICTION AND VENUE

14 7.    This Court has jurisdiction over this case, pursuant to 28 U.S.C. § 1331,
15 because Selth's claims arise, in part, under the laws of the United States.  This Court
16 also has diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(d)(2)(A),
17 as amended by Public Law 109.2, 119 Stat. 4 (2005), because the proposed Class
18 exceeds 100 members, the amount in controversy exceeds the sum of $5 million
19 (exclusive of interest and costs), and Class members are citizens of a state different
20 than the states in which the Defendants are citizens.

21 8.    At all relevant times, Nissan resided, was found, had an agent or transacted
22 business in the State of California, including the Central District of California. A
23 substantial part of the unlawful conduct giving rise to the claims of Selth and the
24 Class members occurred in the Central District of California. Venue, therefore, is
25 proper in the Central District of California pursuant to 28 U.S.C. § 1391 (a).

26                    III. FACTUAL BACKGROUND

27 9.    In 2005,  Selth purchased a new Nissan Altima designed, manufactured and
28 marketed by Nissan, from Nissan Cerritos in Cerritos California.

10.    As part of his bargain, Selth also purchased from Nissan an extended warranty against all manufacturing defects.

11.    In connection with the purchase and sale of the car and its warranties, Nissan impliedly represented to Selth that the car's odometer would accurately record the number of miles actually traveled by the vehicle.

12.    In truth, and without Selth's knowledge and/or Nissan's disclosure, Nissan intentionally designed the car's odometer to inflate the mileage travelled by the car by a factor of not less than two percent (2%) under normal conditions.

13.    Nissan achieved this odometer over-registration by installing a computer software device that altered the odometer's performance by an amount exceeding the odometer manufacturer's design tolerance. Nissan also intentionally adopted a uniform, biased odometer performance standard that intentionally accelerated the odometers installed in all Nissan vehicles in the United States.

14.    Nissan's conduct is not the result of neglect or indifference, but an intentional effort to defraud American consumers by, inter alia, causing the odometers installed in all of the Nissan vehicles owned and/or leased by Selth and the Class members to over-register the number of miles actually travelled.

15.    Nissan's scheme already has deprived (and will continue to deprive) Selth and the Class members of the benefit of their bargains by, inter alia, shortening their warranties, diminishing the number of miles allowed to be driven under their vehicle leases and causing them to pay excess mileage charges and/or diminishing the resale value of their vehicles.

16.    As a result of its scheme, Nissan stands to reap, has reaped and will continue to reap financial benefits in the form of warranty repair savings and/or excess lease mileage charges to the financial detriment of Selth and the Class members. The resale value of the Nissan vehicles owned by Selth and the Class members also has been diminished.

IV. CLASS ACTION ALLEGATIONS

17.    Selth brings this action on behalf of himself and the following Class and subclass of similarly situated individuals and entities:

GLOBAL CLASS

All persons and entities who purchased or leased a new Nissan or Infiniti vehicle with a mileage based warranty or excess lease mileage charges anywhere in the United States, within the last four years from the filing of the Complaint in this action through the date of final judgment.

CLRA SUBCLASS

All consumers who purchased a new Nissan or Infiniti vehicle with a mileage based warranty or excess lease mileage charges for family or household purposes anywhere in the United States, within the last four years from the filing of the Complaint in this action through the date of final judgment.

The proposed Class and subclass specifically excludes all federal, state and local governmental entities, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, and the Defendants and their officers, agents, directors and employees (and all persons related to within the third degree of consanguinity or affection to any of the foregoing).

18.    The individual joinder of all of the members of the proposed Class is impractical. FED. R. CIV. P. 23(a)(l).   While the exact number, identity and location of Class members is presently known only to Nissan, on information and belief, the proposed Class includes hundreds of thousands of individuals and entities dispersed geographically throughout the United States.

19.    Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members (Fed. R. Civ. P. 23(a)(2)) including, inter alia:

a.    Whether Nissan adopted and  implemented  a uniform odometer performance standard for all of its vehicles?

b.    Whether Nissan installed a computer device to alter the performance of the odometers in its vehicles in violation of federal law?

1  c.    Whether the odometer performance standards adopted and implemented by

2  Nissan causes the odometers installed in its vehicles to over-register the mileage

3  actuallydriven?

4  d.    Whether installation of the computer device in Nissan vehicles causes the

5  odometers to over-register the mileage actually driven?

6  e.    Whether Selth and the Class members are entitled to actual damages,

7  statutory penalties, attorneys' fees, litigation expenses and costs and, if so, the

8  proper measures and amounts?

9  20.    Selth's claims are typical of the claims of the Class. FED. R. CIV. P.

10  23(a)(3). Selth possesses the same interests and has suffered the same injuries as

11  the unnamed Class members.  Selth asserts identical claims and seeks identical

12  relief on behalf of the unnamed Class members.  Selth has no interests antagonistic

13  to the interests of the other Class members.

14  21.    Selth will fairly and adequately represent and protect the interests of the

15  Class members.    Fed. R. Civ. P. 23(a)(4).    Selth has retained competent counsel

16  experienced in complex commercial litigation, automobile manufacturer litigation,

17  warranty litigation and class actions to represent him and the Class.

18  22.    This class action also provides a fair and efficient method for adjudicating

19  the claims of the Plaintiffs and Class members for the following reasons:

20  a.    Common questions of law and fact predominate over any question affecting

21  anyindividual Class member;

22  b.    The prosecution of separate actions by individual Class members would

23  likely create a risk of inconsistent or varying adjudications with respect to

24  individual Class members, thereby establishing incompatible standards of conduct

25  for the Defendants and/or would allow some Class members' claims to adversely

26  affect the ability of other Class members to protect their interests;

27  c.    Selth anticipates no difficulty in the management of this litigation as a class

28  action; and

1   d. The Class is readily ascertainable. Prosecution as class action will eliminate the

2   possibility of repetitious litigation while also providing redress for claims that may

3   be too small to support the expense of individual, complex litigation.

4   23.     Moreover, the prosecution of individual actions by hundreds of thousands

5   of Nissan owners and lessees would unduly burden the courts and the litigants.

6   Given the relatively small cost necessary to repair or replace the defective

7   odometer, it is unreasonable to require or expect Class members to litigate their

8   claims individually. Conversely, prosecution of this case as a class action

9   conserves the resources of the Parties and the courts, and allows for a fair and

10  efficient resolution of this dispute.

11  24.     Accordingly, a class action is superior to other available methods for the fair

12  and efficient adjudication of this controversy.   Certification, therefore, is

13  appropriate under Rule 23(b)(l) or (b)(3) of the FEDERAL RULES OF CIVIL

14  PROCEDURE.

15                          V. CAUSES OF ACTION

16                              COUNT I

17          VIOLATION OF 49 U.S.C. §§ 32703(l)-(2); 32710 (AGAINST ALL

18                              DEFENDANTS)

19  25.     The preceding factual statements and allegations are incorporated herein by

20  reference.

21  26.     Nissan's wrongful acts and practices, as described above, violates the federal

22  statute prohibiting odometer tampering, 49 U.S.C. §§ 32703(l)-(2); 32710 (the "Act").

23  Nissan has violated(and continues to violate) the Act by, inter alia:

24  a. Selling, using installing and/or having installed a software device that causes the

25  odometers of all Nissan vehicles to register a mileage greater than the mileage

26  actually travelled by the vehicle, as registered by the odometer within the designed

27  tolerance of the odometer manufacturer; and/or

28  b.      Altering or having altered the odometer of all Nissan vehicles intending to

    change the mileage registered by the odometer.

1  27.    Nissan's wrongful conduct of designing, manufacturing, marketing, financing,

2  selling and/or leasing vehicles with altered odometers was engaged in with the intent

3  to defraud American consumers and deprive them of the benefits of their bargains.

4  Nissan's wrongful conduct violated (and continues to violate) 49 U.S.C. §§

5  32703(l)-(2); 32710.

6                                    COUNT II

7  VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200 (AGAINST ALL

8                                   DEFENDANTS)

9  28.    The preceding factual statements and allegations are incorporated herein by

10  reference.

11  29.    Nissan's wrongful acts and practices, as described above, constitute unlawful,

12  unfair, and fraudulent business acts and practices within the meaning of California

13  Business & Professions Code§ 17200, et seq.

14  30.    Nissan's wrongful acts and practices, as described above, constitute

15  "fraudulent" business acts and practices in that the representations and omissions

16  described herein are false and/or likely to deceive potential and current customers.

17  31.    Nissan's wrongful acts and practices, as described above, constitute "unfair"

18  business acts and practices in that the harm caused by Nissan's conduct  outweighs

19  any utility of such conduct, and such conduct (i) offends public policy including but

20  not limited to the public policy articulated in statutes such as 49 U.S.C. §§

21  32703(l)-(2); 32710 and California Vehicle Code section 28050 and California

22  Vehicle Code section 28052, (ii) is immoral, unscrupulous, unethical, deceitful and

23  offensive, and/or (iii) has caused (and will continue to cause) substantial injury to

24  consumers such as Selth and the Class members.

25  31.    Nissan's wrongful acts and practices are unlawful in that they violate inter alia

26  49 U.S.C. §§ 32703(l)-(2); 32710, California Vehicle Code section 28050 and

27  California Vehicle Code section 28052.

28  32.    Nissan's unlawful, fraudulent, and unfair business acts and practices, as

    described above, continue to this day and are ongoing. As a direct and proximate

1  result of Nissan's wrongful conduct, American consumers have been (and will

2  continue to be) harmed, for which they are entitled to damages.

3  33.    Selth also brings this action pursuant to Sections 17203 and 17204 of the

4  California Business & Professions Code for injunctive relief to enjoin Nissan's

5  wrongful acts and practices, as described above.

6  COUNT III

7  VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

8  CODE § 17500

9  34.    The preceding factual statements and allegations are incorporated herein

10  by reference.

11  35.    Nissan's advertising of its warranty is deceptive in that misrepresents

12  the value of the warranty, and the true number of miles of warranty protection that

13  Nissan will provide, as well as the true number of miles at which excess mileage

14  leasing charges will be incurred.

15  36.    This advertising is by its nature, unfair competition and unfair, deceptive,

16  untrue, or misleading advertising within the meaning of *California Business &*

17  *Professions Code* §17500 *et seq*. Such advertisements are likely to have deceived,

18  did deceive, and continue to deceive the intended audience.

19  37.    The above-described false, misleading, and deceptive advertising conducted

20  by Defendants continues to have a tendency to deceive the intended audience in that

21  Defendants have failed to cease such advertising.

22  38.    The misrepresentations and non-disclosures by Defendants of the

23  material facts detailed above constitute false and misleading advertising and therefore

24  constitute a violation of, *Business & Professions Code* §17500 *et seq*.

25  39.    Plaintiff and the members of the Class have suffered injury and have lost

26  money or property as a result of Defendants' violations of *Business & Professions*

27  *Code* §17500 *et seq*.

28  40.    Such conduct is ongoing and continues to this date. Plaintiff and the Class

Members are therefore entitled to the relief described below.

1                              COUNT IV

2          VIOLATIONS OF CALIFORNIA CIVIL CODE § 1750 et seq.

3                          (Against Defendants)

4    41.    The preceding factual statements and allegations are incorporated herein by

5    reference.

6    42.    This cause of action is brought pursuant to California's Consumers

7    Legal Remedies Act, *California Civil Code* §§ 1750, *et seq.* (the "CLRA").

8    43.    Plaintiff and the Class members are individuals who purchased or leased

9    vehicles with warranty protection from Defendants for family and house hold

10   purposes.  Plaintiff and the Class members are therefore consumers within the

11   meaning of the CLRA, *California Civil Code* § 1761(d).  Defendants are

12   "persons" as defined under the CLRA, *California Civil Code* § 1761(c).

13   44.    Defendants violated *inter alia California Civil Code* §§ 1770 (a)(5),(6), (7),

14   and(14) by representing that their goods and services provide benefits that they do

15   not provide, by representing that the goods and services are of a particular

16   standard, quality or grade when they are not,  and by representing that the

17   transactions conferred rights and obligations that they did not confer.

18   45.    As a result of the use and employment by Defendants of the

19   aforementioned unlawful methods, acts and practices, Plaintiff and the Class

20   Members suffered damages.

21   46.    Plaintiff and the Class members seek restitution in the full amount of the

22   money paid and/or disgorgement of Defendants' profits reasonably attributable to

23   its unjust enrichment as a result of the misconduct alleged herein, and any other

24   relief which the Court deems proper.  Plaintiff and the Class members further

25   intend to seek compensatory damages and, in light of Defendants' willful and

26   conscious disregard for the rights of Plaintiff and the Class members and in light

27   of Defendants' intentional and fraudulent concealment of material facts, Plaintiff

28   and the members of the Class also intend to seek an award of punitive damages.

     Pursuant to Civil Code § 1782(a), Plaintiff will serve Defendants with notice of its

1  alleged violations of the CLRA by certified mail return receipt requested. If,

2  within 30 days after the date of such notification, Defendants fail to provide

3  appropriate relief for their violation of the CLRA, Plaintiff will amend this

4  Complaint to seek monetary (both compensatory and punitive) damages under the

5  CLRA.

6  47.    Plaintiff and the Class Members request this Court to enjoin

7  Defendants from continuing to employ the deceptive methods, acts and practices

8  alleged above pursuant to Civil Code § 1780 (a)(2).

9                                COUNT V

10                       COMMON LAW FRAUD

11                    (AGAINST ALL DEFENDANTS)

12  48.    The preceding factual statements and allegations are incorporated

13  herein by reference.

14  49.    Defendants represented to Plaintiff and Class Members, expressly or by

15  implication that the warranty would provide more miles of warranty protection than

16  it does in fact provide, due to Defendants tampering with odometers, and that leased

17  cars can be driven for more miles without incurring charges than they in fact can.

18  50.    The representations set forth above were in fact false, and were made by

19  Defendants with knowledge of their falsity.

20  51.    Plaintiff and Class Members could not in the exercise of reasonable

21  diligence have discovered the falsity of the representations set forth above.

22  52.    Plaintiff and Class Members relied upon the representations set forth

23  above in their decision to purchase or lease vehicles from Defendants.

24  53.    As a proximate result of Defendants' misrepresentations, Plaintiff and

25  the Class Members were damaged in an amount to be proven at trial.

26                               COUNT VI

27                NEGLIGENT MISREPRESENTATION

28                    (AGAINST ALL DEFENDANTS)

54.    The preceding factual statements and allegations are incorporated herein by

1  reference.

2  55.    Defendants represented to Plaintiff and Class Members, expressly or by

3  implication that the warranty would provide more miles of warranty protection than

4  it does in fact provide, due to Defendants tampering with odometers.

5  56.    The representations set forth above were in fact false, and Defendants

6  knew or should have known that the representations were false.

7  57.    Plaintiff and Class Members could not in the exercise of reasonable

8  diligence have discovered the falsity of the representations set forth above.

9  58.    Plaintiff and Class Members relied upon the representations set forth

10  above in their decision to purchase or lease vehicles from Defendants.

11  59.    As a proximate result of Defendants' misrepresentations, Plaintiff and

12  the Class Members were damaged in an amount to be proven at trial.

13                         COUNT VII

14              UNJUST ENRICHMENT/RESTITUTION

15                 (AGAINST ALL DEFENDANTS)

16  60.    The preceding factual statements and allegations are incorporated herein by

17  reference.

18  61.    Nissan has been (and will continue to be) unjustly enriched by virtue of its

19  wrongful acts and practices (i.e., reduced warranty repair costs and excess lease

20  mileage charges), to the financial detriment of Selth and the Class members.

21  Nissan should be required to disgorge its ill-gotten gains to Selth and the Class.

22                         COUNT VIII

23              MONEY HAD AND RECEIVED

24                 (AGAINST ALL DEFENDANTS)

25  62.    Plaintiff repeats and realleges the allegations set forth above, as though fully

26  set forth here.

27  63.    Defendant has obtained money from Plaintiff and the class members by the

28  exercise of undue influence, menace or threat, compulsion or duress, and/or

mistake of law and/or fact.

1    64.    As a result, Defendant has in its possession money which in equity belongs
2    to Plaintiff and the class members which should be refunded to Plaintiff and the
3    class members.

### V. PRAYER FOR RELIEF

4
5    **WHEREFORE,**    Plaintiff, on behalf of himself, all others similarly situated, and
6    the general public prays for judgment against Defendant as follows:

7        A.    An order certifying the case as a class action and appointing Plaintiff
8    and his counsel to represent the class;

9        B.    A judgment awarding Plaintiff and members of the class
10    compensatory damages in an amount to be proven at trial, together with
11    prejudgment interest at the maximum rate allowed by law, (at this time Plaintiff is
12    not seeking damages pursuant to the California Consumers Legal Remedies Act
13    but will amend his complaint later to seek such damages);

14        C.    An order requiring Defendant to immediately cease its wrongful
15    conduct as set forth above; enjoining Defendant from automatically assessing a
16    damage waiver into rental agreements and from failing to disclose the optional
17    nature of the damage waiver.

18        D.    Restitution and disgorgement of all amounts obtained by Defendant
    as result of their misconduct;

19        E.    Statutory penalties provided by law;

20        F.    Reasonable attorneys fees as permitted by law including but not
21    limited to California Code of Civ. Proc. § 1021.5 and California Civil Code §
22    1780 (d)

23        G.    Costs of this suit;

24        H.    Punitive damages;

25        I.    Statutory pre-judgment interest; and

26        J.    Such other relief as the Court may deem proper.

27
28    Respectfully submitted,

1  Dated: November 3º, 2007                    THE KICK LAW FIRM, APC

2

3

4                                    By:  _____

5                                         Taras P. Kick, Esq.
                                          G. James Strenio, Esq.
6                                         Thomas A. Segal, Esq.
                                          Attorneys for Plaintiff,
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1                    **DEMAND FOR JURY TRIAL**

2

3       Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury.

4 Dated:   November 30 2007                 THE KICK LAW FIRM, APC

5                           By:

6

7                           Taras Kick
                          G. James Strenio

8                           Thomas Segal
                          Counsel for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REBECCA WOMACK, Individually & On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO. LTD.,<br><br>            Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:06-CV-479-DF |

### JOINT REPORT ON RULE 26(f) CONFERENCE

During the weeks of October 15 and 22, 2007, the parties conferred about the matters contemplated by Rule 26(f) of the Federal Rules of Civil Procedure.  Based on these conferences, the parties report to the Court as follows:

1.    **Changes in Timing, Form, or Requirements of Rule 26(a) Disclosures:**

The parties see no need for changes to the form or requirements for Rule 26(a) disclosures.

Plaintiffs do not see the need for any changes to the timing for disclosures and do not believe there should be any staging of discovery.

Defendants believe that discovery should be conducted in stages.  First, jurisdiction-related discovery contemplated by the Court's October 12, 2007 order should proceed first.  After that, discovery necessary for the parties to proceed with certification and/or dispositive motions should commence with mandatory disclosures to be made on or before 30 days after completion of

---

jurisdictional discovery. In the event Nissan Motor Co., Ltd. ("NML") renews its Motion to Dismiss for Lack of Personal Jurisdiction within the time frame contemplated by the Court's October 12, 2007 Order, then mandatory disclosures by NML should not be required until 30 days after determination of that motion. Discovery related only to merits of the case should be stayed pending a determination on class certification.

    2.    <u>Date When Rule 26(a) Disclosures Were or Will Be Made:</u>

Consistent with the parties' positions described above, Plaintiff contends that Rule 26(a) disclosures should be made by all parties on or before November 30, 2007. Defendants believe the date should be January 31, 2008, subject to possible abatement as to NML in the event it renews its Motion to Dismiss for Lack of Personal Jurisdiction within the time frame contemplated by the Court's October 12, 2007 Order.

    3.    <u>Subjects on Which Discovery May Be Needed:</u>

Based on the Court's October 12, 2007 Order, the parties agree that discovery related to jurisdiction will be needed, although NML contends that discovery related to specific jurisdiction is not warranted for the reasons explained in more detail in its Motion to Amend and/or Clarify Order Concerning Jurisdictional Discovery (Document #50).

The parties also agree that discovery will be needed on Rule 23(a) factors (*e.g.,* the size of the proposed class, the existence of common factual and legal issues, typicality of Womack's claim and the adequacy of Womack as class representative); Rule 23(b) factors of predominance and superiority; odometer design relevant to vehicles within the alleged class (including specifications, testing, performance and engineering documents); odometer error complaints; and odometer performance including vehicles owned by Plaintiff and other putative class member.

---

Plaintiff also believes Defendants' electronic information systems, actual and projected warranty costs associated with the class vehicles; Defendants' warranty cost savings generated by the odometer error; and Defendants' collection of lease mileage penalties as a result of the odometer error are proper subjects of discovery at this stage of the case. Defendants consider financial matters concerning warranty and lease costs to be related solely to merits issues so discovery should be stayed pending a determination by the Court on class certification.

4.    **Preservation of Discoverable Information:**

Plaintiff will preserve all hard copy and electronic records concerning, and relevant components for, her vehicle as well as any hard copy or electronic records concerning, and relevant components for, any other 2004-2007 model year Nissan or Infiniti vehicles in her possession, custody or control. Defendants have contacted relevant departments and personnel reasonably expected to have documents and information concerning odometer system design and testing and instructed the relevant personnel to preserve hard copy and electronic files, including emails, relating to odometer systems for vehicles within the alleged class. Defendants have also verified that customer affairs data and warranty claims data for these vehicles is maintained.

Plaintiff understands that Defendants will continue routine recycling of back-up tapes and other media. With the exception of hard copy and electronic records described in the prior paragraph, Defendants will continue other normal business activities including but not limited to routine deletion, compression of data, saving of new data, installation of new software and files, and changes to system architecture. All such activities will be conducted in good faith with full recognition of the parties' mutual obligation to locate and preserve relevant documents.

5.      **Production Of Electronically Stored Information:**

Plaintiff anticipates she will request Defendants to disclose or produce a number of items from electronic or computer-based media.  Defendants expect Plaintiff to produce relevant, electronically stored information.

Plaintiff and Defendants will produce static images of electronically stored documents and files in Bates-labeled, single-page Tag Image File Format (.tif), which may be designated "confidential" pursuant to the terms of the Protective Order.  For the static images produced, the producing party will maintain electronically stored files in native format (*e.g.* Excel, Word, PowerPoint).  The parties will meet and confer regarding the possible need for production of additional electronically stored information in its native format following the initial production of static images. The parties will submit any unresolved disputes to the Court by appropriate motion.

Certain other electronic data, such as consumer affairs and warranty claim data, is maintained on mainframe computers or servers.  Access to the data requires that programs be written to query the databases.  Plaintiffs and Defendants agree to work together to develop queries to obtain relevant data, subject to protecting the privacy rights of Defendants' customers.

6.      **Date By Which Class Certification Discovery Should Be Completed:**

September 15, 2008.

7.      **Any Needed Changes In Limitations Imposed By The Federal Rules Of Civil Procedure:**

None.

---

**JOINT REPORT ON RULE 26(f) CONFERENCE – PAGE 4**

8.  **Any Orders, e.g. Protective Orders, Which Should Be Entered:**

The parties agree that the entry of a Protective Order is appropriate and are working on an order that closely tracks the standard Eastern District protective order. The parties will submit an agreed order at the November 5, 2007 Scheduling Conference.

9.  **Proposed Deadline For Joining Other Parties And Amending The Pleadings:**

All parties should be joined by January 31, 2008 and pleadings amended by March 31, 2008.

10. **Proposed Deadline For Filing Any Dispositive Motions That Are To Be Considered Prior to or In Connection With Class Certification:**

June 1, 2008.

11. **Proposed Deadline For Filing Motion For Class Certification:**

July 1, 2008. Any expert witnesses to be relied upon must be disclosed and report provided by this date as well.

12. **Proposed Deadline For Filing Response to Motion For Class Certification:**

August 15, 2008. Any expert witnesses to be relied upon must be disclosed and report provided by this date as well.

13. **Proposed Date For Class Certification Hearing:**

October 15, 2008.

14. **Pending Motions:**

Defendant NML has filed a Motion to Modify and/or Clarify Order Concerning Jurisdictional Discovery which it requests the Court take up at the Scheduling Conference. Plaintiff agrees the motion should be decided as soon as possible but may not be able to file a

---

complete response prior to the Scheduling Conference. Plaintiff will make every effort to brief the

Court on her position prior to the hearing so that the Court may address the motion at that time.

15.    **Other Matters:**

The parties believe that deadlines concerning merits discovery, any further

dispositive motions, and a pretrial schedule should be addressed only after the Court has made a

determination on class certification.

Respectfully Submitted,

*/s/ Stephen Woodfin*
Stephen Woodfin
With permission of lead attorney
Texas Bar# 21930400
The Law Office of Stephen Woodfin
1012 Houston St.
Kilgore, TX 75662
903.984.0518
903.984.2574 FAX
stephenwoodfin@sydcom.net

**OF COUNSEL:**

James A. Holmes
The Law Office of James A. Holmes, P.C.
605 South Main, Suite 203
Henderson, TX 75654

David B. Miller
Law Office of David B. Miller
4530 Beltway Dr.
Addison, TX 75001

Jay Kutchka
Jones, Jackson & Moll, P.L.C.
401 North 7th Street
Fort Smith, AR 72902-2023

**JOINT REPORT ON RULE 26(f) CONFERENCE – PAGE 6**

Paul M. Weiss
William M. Sweetnam
FREED AND WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602

**ATTORNEYS FOR PLAINTIFF**

*/s/ E. Paul Cauley, Jr.*
E. PAUL CAULEY, JR.
State Bar No. 04018900
S. VANCE WITTIE
State Bar No. 21832980
STACY L. BLAKELEY
State Bar. No. 24045508

SEDGWICK, DETERT, MORAN & ARNOLD, LLP
1717 Main Street, Suite 5400
Dallas Texas  75201
(469) 227-8200
(469) 227-8004 (Facsimile)

John B. Greer, III
State Bar No. 08420000
Greer, McCasland & Miller
3512 Texas Blvd.
P.O. Box 6528
Texarkana, TX 75503
903.791.9300
903.791.9301  (Facsimile)

**ATTORNEYS FOR DEFENDANT
NISSAN NORTH AMERICA, INC. AND
NISSAN MOTOR CO., LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Rule 26(f) Report was served on all counsel of record via

electronic means in accordance with Local Rule CV-5 (e) on the 29th day of October 2007.

*/s/ E. Paul Cauley, Jr.*

---

**JOINT REPORT ON RULE 26(f) CONFERENCE – PAGE 7**

*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*
*MARSHALL DIVISION*

| | | |
|---|---|---|
| REBECCA WOMACK, Individually & on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:06-CV-479(DF) |
| (1) NISSAN NORTH AMERICA, INC., (2) NISSAN MOTOR CO., LTD., | § § § | |
| Defendants. | § § | |

### *PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES & REQUESTS FOR PRODUCTION OF DOCUMENTS*

**TO:**   Nissan North America, Inc. by and through its attorney of record, Mr. Paul Cauley, Jr., at Sedgwick, Detert, Moran & Arnold, 1717 Main Street, Suite 5400, Dallas, Texas 75201.

Plaintiff hereby propounds the following Requests for Admissions, Interrogatories and Requests for Admissions pursuant to Rules 33, 34 and 36, Fed. R. Civ. P., to be answered within thirty-three (33) days after service hereof and to be timely supplemented as required by law.

Respectfully submitted,


_____/s/_____
James A. Holmes (Attorney in Charge)
Texas Bar No. 00784290

**THE LAW OFFICE OF JAMES HOLMES, P.C.**

635 SOUTH MAIN, SUITE 203
HENDERSON, TX 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

*OF COUNSEL:*

R. Stephen Woodfin
Texas Bar No. 21930400

**LAW OFFICE OF STEPHEN WOODFIN**

1012 HOUSTON
KILGORE, TEXAS 75663
(903) 984-0518
(903) 984-2574 (fax)
stephenwoodfin@sydcom.net

Jay Kutchka
Arkansas Bar No. 96010

**JONES, JACKSON & MOLL, P.L.C.**

401 NORTH 7TH STREET
FORT SMITH, ARKANSAS 72902-2023
(479) 782-7203
(479) 782-9460 (fax)
jkutchka@jjmlaw.com

David B. Miller
Texas Bar No. 00788057

**LAW OFFICE OF DAVID B. MILLER.**

4350 BELTWAY DRIVE
ADDISON, TEXAS 75001
(972) 991-2222
(972) 386-0091
David@schneidlaw.com

**FREED & WEISS, LLC**

Paul M. Weiss
Illinois Bar No. 6217260
paul@freedweiss.com

William M. Sweetnam
Illinois Bar No. 6226203
bills@freedweiss.com

111 WEST WASHINGTON STREET, SUITE 1331
CHICAGO, ILLINOIS 60602
(312) 220-0000
(312) 220-7777 (fax)

***ATTORNEYS FOR THE PLAINTIFF CLASS***

### *CERTIFICATE OF SERVICE*

Plaintiff's First Request for Admissions, Interrogatories and Request for Production has been served upon Nissan North America, Inc. by and through its attorney of record, Mr. Paul Cauley, Jr., at Sedgwick, Detert, Moran & Arnold, 1717 Main Street, Suite 5400, Dallas, Texas 75201, via facsimile and electronic mail on this, the 21st day of November 2007.


_____
James A. Holmes

### *DEFINITIONS*

1.     The term "YOU," "YOUR," and "YOURS," as used herein, shall mean NISSAN NORTH AMERICA, INC. and its subsidiaries or related entities including all its agents, servants and employees.

2.     The term "NISSAN," as used herein, shall refer to Nissan North America, Inc., Nissan Motor Co., Ltd. and all related or affiliated entities in which either of them owns a controlling interest.

3.     The term "CLASS," as used herein, shall have that meaning assigned to it in Plaintiff's Original Complaint and all amendments and supplements thereto.

4.     The term "IDENTIFY," with regard to a natural person, shall mean to state the person's full name, address, and phone number.

5.     The term "IDENTIFY," when used in regard to a corporation or entity, shall mean to state the entity's proper name, line of business, the full address of its principal place of business, and phone number.

6.     The term "CLASS VEHICLES," as used herein, shall mean all Nissan and Infinity brand automobiles, trucks and sport utility vehicles sold or leased by NISSAN in the United States of America since November 1, 2004.

7.     The term "EXPECTED ODOMETER ERROR," as used herein shall mean the percentage of error expected to be present in the odometer system's distance calculation under nominal conditions (*e.g.*, properly sized and inflated new tires, proper load distribution, dry pavement, and highway speeds of 70 mph).   If necessary, the term includes a range of calculations based on differing vehicle speeds.

8.      The term "DOCUMENT," as used herein, shall mean all written, typed, or printed

matter, and all electronically stored information as referenced in Rule 26(b)(2)(B),

Fed. R. Civ. P., including all magnetic or other records or documentation of any

kind or description including, without limitation, letters, correspondence,

telegrams, memoranda, notes, records, minutes, agreements, records, notations of

telephone or personal conversations, conferences, inter-office or intra-office

communications, electronic mail (email), electronic messaging, microfilm,

bulletins, alerts, circulars, pamphlets, photographs, facsimiles, invoices, tape

recording, computer printouts, data stored on hard drives, tapes or other medium

and work sheets. The term specifically includes all drafts and copies not identical

to the originals, all photographs and graphic matter, however produced or

reproduced, all compilations of data from which information can be obtained and

all writings and recordings of any type of nature, in YOUR actual possession,

custody, or control, including those in the possession, custody, or control of any

and all present of former directors, officers, employees, consultants, accountants,

attorneys, or other agents, whether or not prepared to you.

### REQUESTS FOR ADMISSIONS, INTERROGATORIES AND
### REFEQUESTS FOR PRODUCTION

### REQUEST FOR ADMISSION NO. 1:

Admit that the CLASS is so numerous that individual joinder of all members is

impracticable.

### RESPONSE:


### INTERROGATORY NO. 1:

Please state all facts in support of YOUR Response.

### ANSWER:


### REQUEST FOR PRODUCTION NO. 1:

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s)

including all DOCUMENTS

(A)     Reflecting the number of each model of CLASS VEHICLE sold in each

state of the United States for each calendar year since November 1, 2004;

(B)     Reflecting the number of each model of CLASS VEHICLE leased in each

(C)     The number of members of the CLASS currently residing in each state of the

United States;

(D)     Reflecting complaints to NISSAN regarding inaccurate registration of

mileage by odometers in Nissan and Infiniti brand vehicles sold in the

United States since November 1, 2004.

### RESPONSE:


7

### *REQUEST FOR ADMISSION NO. 2:*

Admit that there are questions of fact and law common to all members of the

CLASS.

### *RESPONSE:*


### *INTERROGATORY NO. 2:*

Please state all facts in support of YOUR Response.

### *ANSWER:*


### *REQUEST FOR PRODUCTION NO. 2:*

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s)

including all DOCUMENTS reflecting

(A)    NISSAN's odometer error tolerance for each CLASS VEHICLE;

(B)    The identity of the individual or department with responsibility for selection

of NISSAN's odometer error tolerance in each CLASS VEHICLE;

(C)    The legal or engineering basis for NISSAN's selection of its odometer error

tolerance in each CLASS VEHICLE;

(D)    The EXPECTED ODOMETER ERROR for each CLASS VEHICLE;

(E)    The identity of the individual or department with responsibility for selection

of NISSAN's EXPECTED ODOMETER ERROR in each CLASS

VEHICLE;

(F)    The legal or engineering basis for NISSAN's selection of its EXPECTED

ODOMETER ERROR in each CLASS VEHICLE;

8

(G)  NISSAN's error tolerance for trip calculators or trip computers provided as part of an on-board navigation system in CLASS VEHICLES;

(H)  The identity of the individual or department with responsibility for selection of NISSAN's error tolerance for trip calculators or trip computers provided as part of an on-board navigation system in CLASS VEHICLES;

(I)  The legal or engineering basis for NISSAN's selection of its error tolerance for trip calculators or trip computers provided as part of an on-board navigation system in CLASS VEHICLES;

(J)  NISSAN's knowledge of complaints of error s in its odometers, trip calculators and/or trip computers in Nissan and Infiniti brand automobiles;

(K)  NISSAN's response to complaints of errors in its odometers, trip calculators and/or trip computers in Nissan and Infiniti brand automobiles;

(L)  Correspondence or communication generated and/or received by NISSAN concerning error in its odometers, trip calculators and/or trip computers in Nissan and Infiniti brand automobiles;

(M)  Consideration or discussion by NISSAN of the financial impact of odometer over-registration;

(N)  Representations by NISSAN that odometers, trip calculators and trip computers in CLASS VEHICLES would accurately display the distance traveled by the automobile.

**RESPONSE:**

### *REQUEST FOR ADMISSION NO. 3:*

Admit that the claims of REBECCA WOMACK are typical of the claims of the

CLASS as a whole.

### *RESPONSE:*


### *INTERROGATORY NO. 3:*

Please state all facts in support of YOUR Response.

### *ANSWER:*


### *REQUEST FOR PRODUCTION NO. 3:*

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s).

### *RESPONSE:*

**_REQUEST FOR ADMISSION NO. 4:_**

Admit that REBECCA WOMACK will adequately protect the interests of the

CLASS.

**_RESPONSE:_**


**_INTERROGATORY NO. 4:_**

Please state all facts in support of YOUR Response.

**_ANSWER:_**


**_REQUEST FOR PRODUCTION NO. 4:_**

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s).

**_RESPONSE:_**

### REQUEST FOR ADMISSION NO. 5:

Admit that questions of law or fact common the CLASS predominate over any

questions affecting only individual members of the CLASS.

### RESPONSE:


### INTERROGATORY NO. 5:

Please state all facts in support of YOUR Response.

### ANSWER:


### REQUEST FOR PRODUCTION NO. 5:

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s)

including all DOCUMENTS reflecting

(A)   The design of the odometer, trip calculator and trip computer systems in

CLASS VEHICLES including those DOCUMENTS which evidence

a.   The method used to calculate distance including the source of the data

from which calculations are made, each stage of data transfer and/or

processing and the calculations made to convert source data into

displayed distance;

b.   The location of any sensors which actuate the odometer;

c.   The selection of the number of sensor pulses per mile;

d.   The ratio between tire revolutions and the speed sensor pulses; and

e.   The location within the system where distance calculations are

performed.

(B)    The testing of the odometer systems in CLASS VEHICLES;

(C)    The design of all trip computer systems or trip calculators included in any

on-board navigation systems including DOCUMENTS which evidence the

a.  Manner in which any on-board navigation systems calculate distance;

b.  Identity of the manufacturer or supplier of all on-board navigation

system components and software;

c.  Error tolerance of any such manufacturer/supplier;

d.  Portion of the on-board navigation system that calculates distance

based on inputs from the global positioning system;

e.  Agreements between NISSAN and any manufacturer or supplier of

global positioning systems or components in CLASS VEHICLES;

f.  Communications between NISSAN and any such manufacturer or

supplier regarding actual or expected errors in distance calculations by

the on-board navigation system;

g.  Any complaints or inquiries regarding the distance calculations

displayed by the on-board navigation system;

(D)    NISSAN's ISO 9000 log reflecting reports of over-registration by

odometers, trip calculators and trip computers in Nissan and Infiniti brand

vehicles;

(E)    The tolerance of other automobile manufacturers for error in odometers,

trip calculators and/or trip computers.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 6:

Admit that a class action is superior to other available methods for the fair and efficient adjudication of the controversy in this case.

### RESPONSE:


### INTERROGATORY NO. 6:

Regardless of YOUR Response to the forgoing Request, please state:

(A)    All facts in support of YOUR response to Request No. 6; and

(B)    YOUR best estimate of the retail cost to repair or replace the odometer in each CLASS VEHICLE to eliminate over-registration of miles under nominal conditions.

### ANSWER:


### REQUEST FOR PRODUCTION NO. 6:

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s) including all DOCUMENTS reflecting

(A)    The cost to NISSAN (parts and labor) to repair or replace the odometer systems in CLASS VEHICLES to eliminate over-registration of distance under nominal conditions;

(B)    The cost to owners or lessees of CLASS VEHICLES to repair or replace odometers in CLASS VEHICLES to eliminate over-registration of distance under nominal conditions;

(C)    Any analysis of warranty cost savings to NISSAN as a result of odometer

over-registration;

(D)    Any analysis of warranty costs to NISSAN of odometer under-registration;

(E)    Payment of compensation or other economic benefit by NISSAN as a

function or result of warranty cost savings or lease mileage penalty

collections; and

(F)    Any analysis of warranty costs in CLASS VEHICLES as a function of

odometer mileage over-registration.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 7:

Admit that YOU are the manufacturer of the odometer instrument installed in each

CLASS VEHICLE.

### RESPONSE:


### INTERROGATORY NO. 7:

Regardless of YOUR Response to the forgoing Request, please

(A)    IDENTIFY every manufacturer of odometers in CLASS VEHICLES; and

(B)    State the "designed [error] tolerance" of each such entity.

### ANSWER:


### REQUEST FOR PRODUCTION NO. 7:

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s)

including all DOCUMENTS

(A)    Describing all instruction given to each such manufacturer by NISSAN with

regard to error tolerance in odometer instruments designed for CLASS

VEHICLES;

(B)    Reflecting communications between NISSAN and any such manufacturer

regarding designed or actual error in odometer units designed for CLASS

VEHICLES;

(C)    Describing or reflecting any action taken to reduce or eliminate error in

odometer units designed for CLASS VEHICLES;

(D)    Reflecting the design specifications for manufacture of odometer units for

CLASS VEHICLES.

***RESPONSE:***

### *REQUEST FOR ADMISSION NO. 8:*

Admit that each CLASS VEHICLE was designed with an identical odometer error tolerance.

### *RESPONSE:*


### *INTERROGATORY NO. 8:*

Regardless of YOUR Response to the forgoing Request, please state the odometer error tolerance applicable to each CLASS VEHICLE for each of the 2004-08 model years.

### *ANSWER:*


### *REQUEST FOR PRODUCTION NO. 8:*

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s).

### *RESPONSE:*

### *REQUEST FOR ADMISSION NO. 9:*

Admit that Nissan Motor Co., Ltd. selected the odometer error tolerance for each

CLASS VEHICLE.

### *RESPONSE:*


### *INTERROGATORY NO. 9:*

Regardless of YOUR Response o the forgoing Request, please IDENTIFY the

individual or entity with responsibility for the selection of the odometer error

tolerance for CLASS VEHICLES for each of the 2004-08 model years.

### *ANSWER:*


### *REQUEST FOR PRODUCTION NO. 9:*

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s)

including all DOCUMENTS reflecting

(A)    Communications regarding the selection of NISSAN's error tolerance in

odometers, trip calculators and trip computers;

(B)    The legal and engineering basis for such selections;

(C)    Any analysis of the effects of such selections;

(D)    Any proposals to change the selections; and

(E)    Any analysis of the potential legal ramifications of such selections.

### *RESPONSE:*

### *REQUEST FOR ADMISSION NO. 10:*

Admit that the EXPECTED ODOMETER ERROR is identical for each CLASS

VEHICLE.

### *RESPONSE:*

### *INTERROGATORY NO. 10:*

Regardless of YOUR Response to the forgoing Request, please

(A)     State the EXPECTED ODOMETER ERROR for each model of CLASS

VEHICLE for each of the 2004-08 model years;

(B)     IDENTIFY the individual or entity with responsibility for the selection of the

EXPECTED ODOMETER ERROR for each model of CLASS VEHICLES

for each of the 2004-08 model years;

(C)     Describe the manner in which such individual or entity selected the

EXPECTED ODOMETER ERROR for each model of CLASS VEHICLES

for each of the 2004-08 model years; and

(D)     Describe all actions taken by YOU or Nissan Motor Co., Ltd. to verify that

the CLASS VEHICLE odometers performed in accordance with the

EXPECTED ODOMETER ERROR.

### *ANSWER:*

### *REQUEST FOR PRODUCTION NO. 10:*

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s)

including all DOCUMENTS reflecting

(A)    Communications regarding the selection of NISSAN's EXPECTED

ODOMETER ERROR;

(B)    The legal and engineering basis for such selection;

(C)    Any analysis of the effects of such selection;

(D)    Any proposals to change the EXPECTED ODOMETER ERROR for any

Nissan or Infiniti brand automobile; and

(F)    Any analysis of the potential legal ramifications of such selection.


***RESPONSE:***

### *REQUEST FOR ADMISSION NO. 11:*

Admit that owners and lessees of CLASS VEHICLES are not afforded repairs under the applicable vehicle warranties after their odometer reading exceeds the warranty's mileage limitation.

### *RESPONSE:*


### *INTERROGATORY NO. 11:*

Please state all facts in support of YOUR Response.

### *ANSWER:*


### *REQUEST FOR PRODUCTION NO. 11:*

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s) including all DOCUMENTS reflecting

(A)     Terms under which NISSAN has or will agree to provide owners and lessees of CLASS VEHICLES with warranty repairs after they have ostensibly exceeded the warranty's mileage limitation;

(B)     The dollar value of such repairs provided to CLASS MEMBERS for each model of CLASS VEHICLE in 2004, 2005, 2006, 2007 and 2008 for each state in the United States; and

(C)     The IDENTITY of the individual or department with responsibility for approving such repairs for CLASS MEMBERS.

### *RESPONSE:*

### *REQUEST FOR ADMISSION NO. 12:*

Admit that all lessees of CLASS VEHICLES who exceed the mileage limitation contained in their lease contracts are charged excess mileage charges of $0.15 per mile.

### *RESPONSE:*

### *INTERROGATORY NO. 12:*

Please state all facts in support of YOUR Response.

### *ANSWER:*

### *REQUEST FOR PRODUCTION NO. 12:*

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s) including all DOCUMENTS reflecting

(A)     The terms under which owners and lessees of CLASS VEHICLES can exceed their contractual mileage limitations without being charged excess mileage charges;

(B)     The IDENTITY of the individual or department authorized to allow owners and lessees of CLASS VEHICLES to exceed their contractual mileage limitations without being charged excess mileage charges;

(C)     The contractual rate (per mile) of excess mileage charges assessed to CLASS MEMBERS who have exceeded their mileage limitations;

(D)    The dollar value of such charges collected from CLASS MEMBERS for each model of CLASS VEHICLE in 2004, 2005, 2006, 2007 and 2008 for each state in the United States;

(E)    The dollar value of charges owed by CLASS MEMBERS but waived by NISSAN in 2004, 2005, 2006, 2007 and 2008 for each state in the United States; and

(F)    IDENTIFY the individual or department with responsibility for approving such waivers for CLASS MEMBERS.

**RESPONSE:**

***REQUEST FOR ADMISSION NO. 13:***

Admit that a portion of the consideration price by owners and lessees of CLASS VEHICLES represents the cost to purchase warranty protection.

***RESPONSE:***

***INTERROGATORY NO. 13:***

Please all facts in support of YOUR Response.

***ANSWER:***

***REQUEST FOR PRODUCTION NO. 13:***

Please produce all DOCUMENTS in support of YOUR Response and/or Answer(s) including all DOCUMENTS reflecting

(A)    The cost to the consumer of each manufacturer's warranty on every model year of CLASS VEHICLE in 2004, 2005, 2006, 2007 and 2008;

(B)    The portion of the Manufacturer's Suggested Retail Price which represents warranty costs to the consumer;

(C)    The manner in which NISSAN calculates the portion of the Manufacturer's Suggested Retail Price which represents warranty costs to the consumer;

(D)    The calculation of warranty reserves for CLASS VEHICLES;

(E)    The cost to NISSAN of manufacturer's warranties on CLASS VEHICLES;

(F)    Warranty savings to NISSAN due to odometer over-registration.

***RESPONSE:***

## DISTRIBUTION OF PENDING MDL DOCKETS
(As of November 6, 2007)

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| | | | 3,600 | 4,393 |
| ARE | D.J. William R. Wilson, Jr. | MDL-1507 IN RE: Prempro Products Liability Litigation | 3,600 | 4,393 |
| ARW | D.J. Harry F. Barnes | MDL-1832 IN RE: Pilgrim's Pride Fair Labor Standards Act Litigation | 15 | 15 |
| AZ | Sr.J. Paul G. Rosenblatt | MDL-1541 IN RE: Allstate Insurance Co. Fair Labor Standards Act Litigation | 4 | 5 |
| CAC | D.J. David O. Carter | MDL-1807 IN RE: Wachovia Securities, LLC, Wage and Hour Litigation | 17 | 20 |
| | D.J. Dale S. Fischer | MDL-1822 IN RE: Bluetooth Headset Products Liability Litigation | 27 | 27 |
| | D.J. R. Gary Klausner | MDL-1816 IN RE: Katz Interactive Call Processing Patent Litigation | 51 | 52 |
| | D.J. R. Gary Klausner | MDL-1864 IN RE: Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation | 3 | 3 |
| | Sr.J. Mariana R. Pfaelzer | MDL-1574 IN RE: Paxil Products Liability Litigation | 6 | 149 |
| | D.J. Manuel L. Real | MDL-1737 IN RE: American Honda Motor Co., Inc., Oil Filter Products Liability Litigation | 5 | 5 |
| | D.J. Christina A. Snyder | MDL-1671 IN RE: Reformulated Gasoline (RFG) Antitrust & Patent Litigation | 9 | 12 |
| | D.J. Christina A. Snyder | MDL-1825 IN RE: Midland National Life Insurance Co. Annuity Sales Practices Litigation | 2 | 2 |
| | C.J. Alicemarie H. Stotler | MDL-1803 IN RE: Banc of America Investment Services, Inc., Overtime Pay Litigation | 5 | 5 |
| | D.J. Stephen V. Wilson | MDL-1745 IN RE: Live Concert Antitrust Litigation | 22 | 22 |
| CAN | D.J. William H. Alsup | MDL-1826 IN RE: Graphics Processing Units Antitrust Litigation | 51 | 52 |
| | D.J. Saundra Brown Armstrong | MDL-1781 IN RE: Cintas Corp. Overtime Pay Arbitration Litigation | 71 | 71 |
| | D.J. Saundra Brown Armstrong | MDL-1809 IN RE: Terminix Employment Practices Litigation | 2 | 2 |
| | D.J. Charles R. Breyer | MDL-1699 IN RE: Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation | 1,711 | 1,964 |
| | D.J. Charles R. Breyer | MDL-1793 IN RE: International Air Transportation Surcharge Antitrust Litigation | 101 | 102 |
| | D.J. Phyllis J. Hamilton | MDL-1486 IN RE: Dynamic Random Access Memory (DRAM) Antitrust Litigation | 25 | 44 |
| | D.J. Susan Y. Illston | MDL-1827 IN RE: TFT-LCD (Flat Panel) Antitrust Litigation | 135 | 135 |
| | D.J. Martin J. Jenkins | MDL-1648 IN RE: Rubber Chemicals Antitrust Litigation | 10 | 14 |
| | D.J. Marilyn Hall Patel | MDL-1369 IN RE: Napster, Inc., Copyright Litigation | 1 | 19 |
| | D.J. Marilyn Hall Patel | MDL-1770 IN RE: Wells Fargo Home Mortgage Overtime Pay Litigation | 4 | 4 |
| | D.J. Marilyn Hall Patel | MDL-1841 IN RE: Wells Fargo Loan Processor Overtime Pay Litigation | 2 | 2 |
| | C.J. Vaughn R. Walker | MDL-1606 IN RE: Deep Vein Thrombosis Litigation | 8 | 81 |
| | C.J. Vaughn R. Walker | MDL-1791 IN RE: National Security Agency Telecommunications Records Litigation | 48 | 49 |
| | D.J. James Ware | MDL-1665 IN RE: Acacia Media Technologies Corp. Patent Litigation | 22 | 23 |
| | D.J. Claudia Wilken | MDL-1819 IN RE: Static Random Access Memory (SRAM) Antitrust Litigation | 81 | 82 |
| | D.J. Jeffrey S. White | MDL-1761 IN RE: Ditropan XL Antitrust Litigation | 5 | 6 |
| | D.J. Ronald M. Whyte | MDL-1423 IN RE: Cygnus Telecommunications Technology, LLC, Patent Litigation | 3 | 30 |
| | D.J. Ronald M. Whyte | MDL-1754 IN RE: Apple iPod nano Products Liability Litigation | 5 | 8 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| PAM | D.J. Thomas I. Vanaskie | MDL-1556  IN RE: Pressure Sensitive Labelstock Antitrust Litigation | 11 | 11 |
| PAW | D.J. Gary L. Lancaster | MDL-1674  IN RE: Community Bank of Northern Virginia Mortgage Lending Practices Litigation | 7 | 8 |
| RI | C.J. Mary M. Lisi | MDL-1842  IN RE: Kugel Mesh Hernia Patch Products Liability Litigation | 104 | 104 |
| SC | Sr.J. C. Weston Houck<br>C.J. David C. Norton | MDL-1865  IN RE: Household Goods Movers Antitrust Litigation<br>MDL-1785  IN RE: Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation | 2<br>223 | 2<br>225 |
| TNE | C.J. Curtis L. Collier | MDL-1552  IN RE: UnumProvident Corp. Securities, Derivative & "ERISA" Litigation | 19 | 28 |
| TNM | C.J. Todd J. Campbell<br>Sr.J. John T. Nixon | MDL-1760  IN RE: Aredia and Zometa Products Liability Litigation<br>MDL-1537  IN RE: Nortel Networks Corp. "ERISA" Litigation | 316<br>6 | 321<br>6 |
| TNW | D.J. J. Daniel Breen | MDL-1551  IN RE: Reciprocal of America (ROA) Sales Practices Litigation | 15 | 15 |
| TXE | D.J. Leonard E. Davis<br>D.J. T. John Ward | MDL-1512  IN RE: Electronic Data Systems Corp. Securities & "ERISA" Litigation<br>MDL-1530  IN RE: Fleming Companies Inc. Securities & Derivative Litigation | 4<br>10 | 29<br>22 |
| TXN | C.J. A. Joe Fish<br>D.J. Sidney A. Fitzwater<br>D.J. Terry R. Means | MDL-1578  IN RE: UICI "Association-Group" Insurance Litigation<br>MDL-1214  IN RE: Great Southern Life Insurance Company Sales Practices Litigation<br>MDL-1875  IN RE: RadioShack Corp. "ERISA" Litigation | 2<br>1<br>4 | 28<br>25<br>4 |
| TXS | D.J. Vanessa D. Gilmore<br>D.J. Melinda Harmon<br>D.J. Lynn N. Hughes<br>D.J. Janis Graham Jack | MDL-1646  IN RE: Testmasters Trademark Litigation<br>MDL-1446  IN RE: Enron Corp. Securities, Derivative & "ERISA" Litigation<br>MDL-1609  IN RE: Service Corporation International Securities Litigation<br>MDL-1810  IN RE: MERSCORP Inc, et al., Real Estate Settlement Procedures Act (RESPA) Litigation | 1<br>111<br>1<br>13 | 6<br>196<br>4<br>30 |
| UT | D.J. Dale A. Kimball | MDL-1546  IN RE: Medical Waste Services Antitrust Litigation | 1 | 8 |
| VAE | D.J. Leonie M. Brinkema | MDL-1705  IN RE: Xybernaut Corp. Securities Litigation | 9 | 10 |
| WAW | D.J. Barbara Jacobs Rothstein | MDL-1407  IN RE: Phenylpropanolamine (PPA) Products Liability Litigation | 208 | 3,376 |
| WY | C.J. William F. Downes | MDL-1293  IN RE: Natural Gas Royalties Qui Tam Litigation | 75 | 83 |