

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>NISSAN NORTH AMERICA, INC.<br>ODOMETER LITIGATION (NO. II) | MDL DOCKET NO.<br>1921 |

### NISSAN NORTH AMERICA, INC.'S RESPONSE TO REBECCA WOMACK'S CROSS-MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS

Nissan North America, Inc. ("NNA"), hereby responds to plaintiff Rebecca Womack's Cross-Motion for Transfer and Consolidation of Related Actions:

1. NNA admits there are five separate class actions pending against NNA in five different United States District Courts alleging that NNA violated provisions of the Federal Odometer Act (49 U.S.C. §§ 32701-32711). NNA admits that *Womack v. Nissan North America, Inc.* is the first filed of these five cases.

2. NNA admits that four of the five actions allege that both NNA and NML violated provisions of the Federal Odometer Act (49 U.S.C. §§ 32701-32711). The *Shaffer* action does

not name Nissan Motor Co., Ltd. "(NML") as a defendant, and does not allege NML violated the Federal Odometer Act.

3.   NNA admits that each action is a putative nationwide class action brought on behalf of purchasers and lessees of Nissan and Infiniti vehicles. NNA denies that each action includes a time limitation "from various dates in 2004 to the present."

4.   NNA admits the five actions involve "one or more common questions of fact" within the meaning of section 1407.

5.   NNA denies that the *Womack* action has progressed beyond the "very early stages of litigation." NNA admits that the Court in *Womack* has ruled on NNA's Motion to Dismiss but also notes that the ruling was made prior to the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, (2007). NNA admits the Court also recently denied without prejudice Plaintiff's Motion for Appointment of Interim Class Counsel, and that Nissan Motor Co., Ltd.'s Motion to Dismiss was denied without prejudice to permit limited discovery into the issues surrounding NML's jurisdictional challenge. Further NNA admits the Court has entered an agreed Protective Order, and just recently entered a scheduling order with a November 2008 class certification hearing. However, the parties have agreed to stay the *Womack* proceeding and submitted an agreed order to the Court.

NNA admits that the *Anadu* case been inactive as NNA has not been served or made an appearance. NNA admits that the other three cases (*Shaffer, Hidalgo and Selth*) have been filed since November 14, 2007 and are in the early stages of litigation. NNA has filed Motions to Dismiss in each of those three cases and the parties intend to submit agreed protective orders in each of those cases.

2

6.   NNA admits the parties in the *Womack* action have exchanged Initial Disclosures, conferred regarding a Stipulation of Facts on the issues raised in NML's jurisdictional challenge, conferred regarding a Protective Order, and agreed to exchange initial documents in mid-January 2008. In the *Shaffer, Hidalgo and Selth* cases, the parties have likewise conferred about a Protective Order and exchange of documents subject to the pending motions to dismiss.

7.   NNA denies that transfer and consolidation in the Eastern District of Texas is warranted because of the experience of the judges in the Eastern District of Texas, its location, or its docket conditions.

8.   NNA denies the judges of the Eastern District of Texas have gained extensive experience with Federal Odometer Act litigation over the past three years. The *Womack* case has not been pending for three years, but rather was filed in late November 2006. During this time, there was a period of several months of inacitivity due to the pendency of the initial motion for consolidation before the JPML. NNA admits Judge Ward has been presiding over a different lawsuit against a different defendant, Honda Motor Company, brought by different plaintiffs involving allegations of Federal Odometer Act violations relating to different vehicles. Neither plaintiff Womack, nor NNA, are parties to that action, and that action does not involve Nissan or Infiniti vehicles. NNA is unable to admit or deny the remaining allegations in this paragraph.

9.   NNA denies the Eastern District of Texas is a convenient forum for all parties and witnesses and, in fact, it would be extremely inconvenient. No defendants to this litigation are headquartered or reside in the Eastern District of Texas. NNA's documents and witnesses relevant to this litigation are not located in the Eastern District of Texas. Based upon information and belief no witnesses to this litigation, except one named plaintiff, reside in the

Eastern District of Texas. Travel to the Eastern District of Texas is not convenient and the Marshall Division is not near an easily reached international airport.

NNA denies that Nissan and Infiniti vehicles and odometer systems are designed only in Japan, and denies that relevant NNA documents and witnesses are scattered across the United States as claimed by Womack. Preliminary written discovery on the pleaded claims as well as requested jurisdictional discovery in the *Womack* action have made it clear that a significant amount of the discovery sought relates to documents of NNA and NNA witnesses that would be found in Tennessee, where NNA's corporate headquarters are located. To the extent discovery relates to odometer system design, there would also be documents and witnesses at Nissan Technical Center North America, Inc. (NTCNA), a subsidiary of NNA, which is located in Michigan.

10. NNA admits that as of November 6, 2007, the Eastern District of Texas has pending two MDL proceedings, neither of which is assigned to Judge Folsom.

Dated: January 10, 2008

Respectfully submitted,

_____
E. Paul Cauley, Jr., Esq.
S. Vance Wittie, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone: (469) 227-8200
Facsimile: (469) 227-8004
**COUNSEL FOR MOVANT,
NISSAN NORTH AMERICA, INC.**